648 A.2d 348

**Harriet McCRAY, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (PRESCHOOL DEVELOPMENT PROGRAMS, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 24, 1994.

Decided Sept. 14, 1994.

Eric P. Betzner, for petitioner.

Alfred L. Benedict, for respondent.

Before DOYLE and KELLEY, JJ., and NARICK, Senior Judge.

DOYLE, Judge.

Harriet McCray (Claimant) appeals an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision granting the petition for suspension or modification filed by her employer, Preschool Development Programs, Inc. (Employer), and reducing her benefits under Section 413 of the Workers' Compensation Act.[1]

Claimant sustained injuries to her forehead, back, hip and both arms on March 6, 1986, when she fell down a flight of stairs in the course of her employment as a nutrition assistant. She received total disability benefits pursuant to a notice of compensation payable.

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 772.

On January 29, 1990, Claimant was examined by Joseph Novak, M.D., at the request of Employer's insurance carrier. As a result of his examination, Dr. Novak released Claimant to return to full or part-time light-duty work. According to the limitations and restrictions profile prepared by Dr. Novak, Claimant was able to sit for up to three hours a day, stand for up to two hours a day, and walk for up to three hours a day. Dr. Novak also recommended that she change positions frequently. Based upon Dr. Novak's conclusion that Claimant could perform light-duty work, M & M Rehabilitative Services (M & M) was engaged to locate suitable employment for her. A total of forty-six light duty positions were referred to Claimant by M & M. Lisbeth Mihok, a vocational specialist employed by M & M, testified as to twenty-five referrals which she personally obtained for Claimant, including twelve which were specifically approved by Dr. Novak as being within Claimant's physical restrictions.

Claimant testified that she followed-up on all of the job referrals. (Claimant's Deposition at 12.) She applied for all twelve positions approved by Dr. Novak, appearing in person to complete written applications in nine instances, appearing in person to submit a resume in one case, and telephoning two more prospective employers. (*Id.* at 13–2.) She was interviewed for positions with J.C. Penney Co., Campos Market Research, and International Readers League. Testifying over the hearsay objections of Claimant's counsel, Ms. Mihok reported what she discovered in discussing Claimant with the prospective employers.[2] According to Ms. Mihok, the telemarketing supervisor at Finn Construction Co., to which Claimant had submitted the written application, allegedly stated that Claimant would have been interviewed had she not left the premises immediately after completing a written applica-

---

2. In conjunction with Ms. Mihok's testimony, Employer offered certain documents containing her notations on conversations with prospective employers, as well as information supplied by the employers themselves, in response to inquiries regarding Claimant's follow-up on each referral. (*See* Exhibit # 2 to Mihok deposition.) The referee admitted these documents, over Claimant's counsel's objections.

tion.[3]

Despite M & M's efforts, Claimant did not obtain a light-duty job. As a result, on October 30, 1991, Employer filed a petition for suspension or modification alleging that Claimant exhibited bad faith in failing to apply for many of the job referrals or in not acting in good faith when she did apply. Claimant filed a timely response denying the allegations of the petition and asserting that she had, at all times, acted in good faith. In support of its petition, Employer presented the deposition testimony of Ms. Mihok and Dr. Novak. Claimant presented no witnesses, but submitted her own testimony by deposition.

On November 13, 1992, the referee issued a decision and order granting the petition and reducing Claimant's benefits, based upon her ability to earn $60 per week, which would have been her wages at Finn Construction. In so ordering, the referee overruled Claimant's hearsay objections and concluded that Employer had met its burden of proving its entitlement to modification in accordance with *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987). The referee also concluded that Claimant had not, in good faith, followed through on the job referrals, specifically the referral to Finn Construction.

Claimant appealed to the Board, asserting that the referee erred in concluding that she did not apply in good faith for positions referred to her and in concluding that Employer did act in good faith to return Claimant to productive employment. She also argued that the referee erred in overruling her hearsay objections to the testimony of Ms. Mihok. The Board affirmed the referee's decision, concluding that Claim-

3. Ms. Mihok also testified, over objection, that the prospective employers told her that none of the positions for which Claimant was interviewed were offered to Claimant because she indicated that she preferred full-time work rather than part-time to one employer (J.C. Penney Co.), because she told another (Campos Market Research) that she preferred to work no evening hours, and because she told the third prospective employer (International Research League) that due to her back injury there was no reason for her application to be considered seriously.

ant failed to meet her burden of proving a good faith effort to obtain employment. Claimant's appeal to this Court ensued.

On appeal, Claimant raises the following issues: 1) whether the referee erred in concluding Employer made a good faith effort to return her to productive employment when prospective employers were not informed of Claimant's physical restrictions; 2) whether the referee's findings were supported by substantial evidence where he relied upon hearsay evidence; and 3) whether the referee's findings support the conclusion of law that Claimant failed to make a good faith attempt to obtain a position with Finn Construction Company. Of course, our scope of review is limited to determining whether constitutional rights have been violated, an error of law committed, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Skirpan)*, 531 Pa. 287, 612 A.2d 434 (1992).

As recognized by the referee, analysis of this case is governed by the well-settled law that:

1. The employer who seeks to modify a claimant's benefits on the basis that he has recovered some or all of his ability must first produce medical evidence of a change in condition.

2. The employer must then produce evidence of a referral (or referrals) to a then open job (or jobs), which fits in the occupational category for which the claimant has been given medical clearance, *e.g.*, light work, sedentary work, etc.

3. The claimant must then demonstrate that he had in good faith followed through on the job referral(s).

4. If the referral fails to result in a job then claimant's benefits should continue.

*Kachinski*, 516 Pa. at 252, 532 A.2d at 380. It is not disputed in this case that Claimant had recovered sufficiently to perform light-duty work. She presented no medical evidence before the referee to refute Dr. Novak's opinion, nor did she

raise the issue before the Board or this Court. We, therefore, need only focus on the requirement that Employer refer Claimant to an open job which she is physically capable of performing, and Claimant's good faith, or bad faith, in following through on that referral.

In meeting its burden of proof, an employer must prove that a job referral is "actually available" to the claimant and must bring the referral to the attention of the claimant or his counsel. *Kachinski; Farkaly v. Workmen's Compensation Appeal Board (Baltimore Life Insurance Co.)*, 516 Pa. 256, 532 A.2d 382 (1987). Under *Kachinski,* a job is not "actually available" unless there is evidence that the employer named was willing to accept the claimant as an employee with his current physical limitations. *Brown v. Workmen's Compensation Appeal Board (Cooper Jarrett, Inc.)*, 150 Pa.Commonwealth Ct. 614, 616 A.2d 121 (1992), *petition for allowance of appeal denied,* 533 Pa. 637, 621 A.2d 582 (1993); *Young v. Workmen's Compensation Appeal Board (Weis Markets, Inc.)*, 113 Pa.Commonwealth Ct. 533, 537 A.2d 393, petition for allowance of appeal denied, 520 Pa. 622, 554 A.2d 513 (1988). Relying upon *Young* and *Brown,* Claimant argues that Employer did not demonstrate good faith in attempting to return her to productive employment because M & M did not inform prospective employers of her physical limitations.

In *Young,* the employer's vocational counselor neglected to tell prospective employers that the claimant was a Methadone addict, that he had undergone seven back operations in three years, and that he had not worked in six years. We held that this failure to inform the employers of the claimant's limitations was insufficient to establish actual job availability under *Kachinski,* because there was no evidence that the employers would have accepted an application from the claimant if they had known of his extreme limitations. Following *Young,* we held in *Brown* that the employer did not prove job availability because the vocational witness testified that he only told the prospective employers of the claimant's general disability, without specifying the actual limitations.

■ In the case at bar, Ms. Mihok admitted that she did not inform any of the prospective employers, including Finn Construction, of the limitations imposed by Dr. Novak. (Mihok deposition at 54.) Unlike the scenario presented in *Young*, however, there is evidence here that Claimant was interviewed for at least three positions. Although M & M did not reveal Claimant's limitations prior to the referrals, Claimant was able to discuss her physical restrictions during those interviews, or so indicate on the nine written applications she submitted. Moreover, Claimant does not dispute that she was physically capable of performing the positions referred, and specifically testified that she could perform the job at Finn Construction. (Claimant's deposition at 45; R.R. at 92a.) Accordingly, we conclude that Employer met its burden of proving, under *Kachinski*, referrals of available jobs within Claimant's physical capabilities.

■ We agree with Claimant, however, that the referee erred in overruling her objections to the hearsay testimony of Employer's vocational witness, including the documents upon which she relied. It is clear that Ms. Mihok's statements regarding her follow-up conversations with the prospective employers, verifying Claimant's responses to the job referrals, were inadmissible hearsay.[4] Despite this fact, the Board, citing *Acme Markets, Inc. v. Workmen's Compensation Appeal Board (Pilvalis)*, 142 Pa.Commonwealth Ct. 400, 597 A.2d 294 (1991), concluded that inasmuch as Ms. Mihok testified as an expert witness, her testimony concerning information received from prospective employers was legally competent under the circumstances.

In *Acme*, we explained in a footnote that the testimony of employer's expert vocational witness with regard to the specific job duties connected with the work and the position was admissible where the witness gained her information from personal observation and where the information was of "the type reasonably relied on by an expert in the particular field

4. Claimant also objected to hearsay testimony from Ms. Mihok regarding her opinion of Claimant's motivation and attitude toward the prospective jobs. The referee sustained this objection.

in forming an opinion on the subject." *Acme,* 142 Pa.Commonwealth Ct. at 409 n. 3, 597 A.2d at 298 n. 3. In the case at bar, the controversial evidence did not involve Ms. Mihok's personal observations. Moreover, it did not contain information which is the type relied upon by a vocational expert to form an opinion. Ms. Mihok's testimony was not limited to a discussion of the job duties of the various positions, which would have been within her expertise and her competence, because that testimony would have concerned the appropriateness of the referrals. The objected to evidence here consisted of statements made to Ms. Mihok, by the prospective employers, regarding whether or not Claimant applied for a job and Claimant's conduct during job interviews. There is no expert opinion involved with such testimony.[5]

█ We must also reject Employer's argument that the hearsay testimony regarding Claimant's applications should be admitted because it was corroborated by her own testimony. As we held in *Walker v. Unemployment Compensation Board of Review,* 27 Pa.Commonwealth Ct. 522, 527, 367 A.2d 366, 370 (1976), "[h]earsay evidence, *properly objected to,* is not competent evidence to support a finding of the Board. [But] [h]earsay evidence, *admitted without objection,* will be given its natural probative effect and may support a finding of the Board, *if it is corroborated by any competent evidence in the record....*" (Emphasis in original; citations omitted.) *See also Tynan v. Workmen's Compensation Appeal Board (Associated Cleaning Consultant and Services, Inc.),* 162 Pa.Commonwealth Ct. 393, 639 A.2d 856 (1994). In this case, because Claimant's counsel properly objected to the hearsay testimony, it is inadmissible, even if corroborated, which, actually, it was not because the Claimant's testimony was to the contrary.

---

5. In *Yezovich v. Workmen's Compensation Appeal Board (USX Corp.),* 144 Pa.Commonwealth Ct. 601, 601 A.2d 1341 (1992), testimony of the employer's vocational specialist was admitted where she testified as to her own observations with regard to the claimant's follow-up on job referrals, including the claimant's attitude, appearance and lack of motivation. Again, as in *Acme,* this testimony was admissible because such personal observations did not constitute hearsay.

Accordingly, we conclude that the referee erred as a matter of law in admitting the objected to hearsay testimony of Ms. Mihok. The evidence presented by Ms. Mihok relating to Claimant's follow-up on the job referrals should, therefore, not have been considered by the referee.

Claimant argues, finally, that the referee erred in concluding that she did not meet her burden of proving that she followed through on the job referrals in good faith, as required by *Kachinski*.

■ With regard to the good faith issue, the Referee made the following finding of fact:

> Having studied the claimant's testimony, she is found to be less than completely credible. Accordingly, it is found that she did not, in good faith, make efforts to secure the positions referred to her.

(Referee's Finding of Fact No. 10). Except for the position with the Finn Construction Company, the referee made no specific findings on whether Claimant followed-through on the job referrals at issue or what she did or did not do in response to the referrals to demonstrate her lack of good faith. Accordingly, we are unable to effectuate our appellate review to determine whether the decision is supported by substantial evidence and correct as a matter of law, because essential findings of fact were never made by the referee, without reference to, or reliance upon, the hearsay testimony of Ms. Mihok.

Unfortunately, therefore, we must vacate the order of the Board affirming the modification of Claimant's benefits and remand the matter to the Board, to remand to the referee, specifically for the purpose of making additional findings of fact on the good faith issue. The referee will take no additional testimony and will disregard the hearsay testimony which we find to be inadmissible.[6]

6. In his award, the referee stated that he found the testimony of Lisbeth Mihok credible, and that finding is entirely proper. Regrettably, he then added: "However, the hearsay testimony she presents is given little weight." (Referee's Finding of Fact No. 11.) The law is, howev-

412

## *ORDER*

NOW, September 14, 1994, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby vacated and the case remanded to the Board for further remand for additional findings, consistent with the foregoing opinion.

Jurisdiction relinquished.

er, that such testimony should not have been given any weight and should have been excluded. *Walker.*