687 A.2d 367

**Louis A. PERTILE**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (CONSTRUCTION ENGINEERING CONSULTANTS, INC.)**

Appeal of CONSTRUCTION ENGINEERING CONSULTANTS, INC.

Supreme Court of Pennsylvania.

Submitted Aug. 5, 1996.

Decided Jan. 6, 1997.

Joseph S. Weimer, Pittsburgh, for Construction Engineering Consultants, Inc.

Richard J. Fidei, Beaver, for Louis Pertile.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE and NIGRO, JJ.

*OPINION OF THE COURT*

FLAHERTY, Chief Justice.

Louis Pertile was employed as a nuclear inspector for Construction Engineering Consultants, Inc. (the employer) when he suffered a work-related injury. The employer accepted liability for the injury and issued a notice of compensation payable dated August 5, 1987 for weekly benefits of $236.00. Subsequently the employer filed a petition for modification alleging that Pertile had refused to apply for or accept alternative employment compatible with the limitations arising from his injury.

After hearing, the workmen's compensation referee found that Pertile had refused to apply for work to which Construction Engineering's workmen's compensation insurance carrier had referred him and granted the employer's petition to modify compensation. Pertile appealed. The Workmen's Compensation Appeal Board affirmed the referee.

Commonwealth Court reversed, holding that the employer had produced no evidence which established that Pertile failed to apply for work. We granted allocatur to address the propriety of Commonwealth Court's ruling.

First, we note that the scope of inquiry in workmen's compensation cases for reviewing courts is as follows:

[The proper scope of review] is not whether, upon reweighing all of the evidence, the decision reached by a referee appears to have been the most reasonable and probable one that could have been rendered. Rather, judicial review is limited to a determination of whether the record contains substantial evidence that supports the referee's findings.

*Bethenergy Mines v. Workmen's Compensation Appeal Board (Skirpan)*, 531 Pa. 287, 291, 612 A.2d 434, (1992).

■■■ Guidelines for an employer seeking to modify a claimant's benefits based on the claimant's ability to return to work are:

1. The employer who seeks to modify a claimant's benefits on the basis that he has recovered some or all of his ability must first produce medical evidence of a change in condition.

2. The employer must then produce evidence of a referral (or referrals) to a then open job (or jobs), which fits in the occupational category for which claimant has been given medical clearance, *e.g.,* light work, sedentary work, etc.

3. The claimant must then demonstrate that he has in good faith followed through on the job referral(s).

4. If the referral fails to result in a job then [the] claimant's benefits should continue.

*Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 252, 532 A.2d 374, 380 (1987).

■■■ In this case, the employer presented testimony of a medical doctor and a vocational counselor. The counselor was employed by by the workmen's compensation insurance carrier to locate work for Pertile. The doctor testified that Pertile's injury had been surgically addressed, that his condition had improved, and that he was able to return to light duty work. The vocational counselor testified that she conducted a vocational interview with Pertile, that she identified jobs which would be suitable for him and informed him of twenty-one positions at which he was expected to apply. Pertile testified that he applied for all of the positions given to him by the vocational counselor. The employer, however, contends that Pertile did not apply for a job at one employer, TriState Equipment.

The vocational counselor stated that she notified Pertile of the Tri–State position on October 20, 1988. Pertile testified that he applied in person for that job on October 25, 1988 and left his resume. The vocational counselor testified that she

contacted TriState twice: once after the initial referral on October 28, 1988 and later as a follow up. On both occasions, Tri–State informed the vocational counselor that they did not have an employment application for Pertile, although at the second inquiry, they also indicated that they had discarded applications for the job in question. The second inquiry was made in preparation for the hearing.

The referee concluded that the only job available to Pertile for which he did not apply was the job at Tri–State Equipment. Further, the referee found that Pertile was not credible in claiming that he applied for the position. On the other hand, he found that the vocational counselor was more credible "based on the information she received from the employer that claimant did not apply for the position." Referee's Decision, Finding 16, p. 6.

The referee found that the counselor began her second series of checks with all the employers between November 1989 and January 1990. The referee stated: "Her testimony establishes that by that time applications had been thrown out and employers were unwilling or unable to provide information." Referee's Decision, Finding 14, p. 5. As to the second contact with Tri–State and other employers, the vocational counselor testified:

Q. So that between the first follow-up contact and then your second follow-up contact, isn't it true that he could have applied and then they threw away or discarded his application in the mean time?

A. Yes, that's certainly true.

Deposition of Nanette M. Beerens, January 22, 1990 at 64.

Pertile's view is essentially that Commonwealth Court was correct in its reversal of the Workmen's Compensation Review Board because the referee's decision was based on inadmissible hearsay evidence. We agree.

Pertile's objection that the employer's evidence was hearsay was made at the hearing and properly preserved. The referee overruled the objection and employer's counsel stated:

[I]t is physically not possible to bring in a representative from every employer every time there is a modification petition filed as it relates to a claimant such as Mr. Pertile, or in this particular case, twenty or twenty-one different employers.

That would necessitate service of twenty or twenty-one subpoenas on the individual with whom Ms. Beerens [the vocational counselor] or the co-vocational consultant has had contact.

I think that Ms. Beerens is testifying as a vocational expert, and as such she is permitted the leeway to testify as it relates to information that she has developed about certain jobs and that information that has been conveyed to her by the employer.

N.T. 134a–135a. The referee concluded:

Claimant's hearsay objections to the testimony of Nanette Beerens, based on her reliance on information obtained from prospective employers of the claimant, is overruled. The hearsay statements of the prospective employers to Beerens are of the type reasonably relied upon by an expert in the vocational rehabilitation field in forming an opinion on the subject of whether a claimant has followed through in the appropriate manner on job referrals. [The type of fact to which the counselor testified] falls within the parameters of permissible hearsay data allowed by the Commonwealth Court in [*Acme Markets, Inc. v. WCAB (Pilvalis)*, 142 Pa.Cmwlth. 400, 409 n. 3, 597 A.2d 294, 298 n. 3 (1991)].

Referee's Decision, Conclusions of Law, No. 4, p. 8.

In *McCray v. W.C.A.B.*, 167 Pa.Cmwlth. 402, 409–10, 648 A.2d 348, 351–52 (1994), Commonwealth Court explained *Acme:*

In *Acme* we explained in a footnote that the testimony of employer's expert vocational witness with regard to the specific job duties connected with the work and the position was admissible where the witness gained her information from personal observation and where the information was of "the type reasonably relied on by an expert in the particular

field in forming an opinion on the subject." *Acme,* 142 Pa.Commonwealth Ct. at 409 n. 3, 597 A.2d 294.... In the case at bar, the controversial evidence did not involve Ms. Mihok's personal observations. *Moreover, it did not contain information which is the type relied upon by a vocational expert to form an opinion.* ... *The objected to evidence here consisted of statements made to Ms. Mihok, by the prospective employers, regarding whether or not Claimant applied for a job* and Claimant's conduct during job interviews. There is no expert opinion involved with such testimony.

Here, as in *McCray,* there is no expert opinion involved with the testimony as to whether Pertile's job application was on file. Such an inquiry is purely a matter of fact and is plainly subject to the hearsay objection. The testimony was erroneously admitted.

In fact, it is difficult to imagine a case more illustrative of the evils of hearsay testimony. Without the employer being present, Pertile was helpless to inquire as to whether there may not have been an error in the employer's report that he did not apply. Pertile could not inquire as to who searches the files for applications, their qualifications, who creates the files, the security and reliability of the files, the cost to the employer of responding to the vocational counselor's inquiries, or the importance to the employer or lack of importance in making sure that its responses are accurate. It is conceivable that the files at Tri–State were created and maintained by poorly trained temporary personnel who had no interest or ability to insure their accuracy. Pertile was entitled to mount a meaningful challenge to the accuracy of information concerning his application, and such a challenge was impossible in the absence of the employer.

It was error to admit the hearsay testimony of the vocational counselor. Commonwealth Court was correct holding that there was no substantial evidence in support of the decisions

of the lower tribunals.[1]

Order of Commonwealth Court is affirmed.

NEWMAN, J., did not participate in the consideration or decision of this case.

CASTILLE, J., files a concurring opinion.

CASTILLE, Justice, concurring.

I join in the decision of the majority. However, I write separately to further explain my understanding on the use of hearsay testimony in workers' compensation proceedings.

In *Joyce v. Workmen's Compensation Appeal Board (Ogden/Allied Maintenance)*, 545 Pa. 135, 680 A.2d 855 (1996), the majority of this Court held that a claimant's workers' compensation benefits should not have been modified because the modification was based upon improper hearsay testimony of the employer's job placement specialist. In *Joyce*, the employer's job placement specialist testified that a prospective employer told her that claimant did not apply for a position to which the claimant was referred. Claimant made a timely objection to this testimony. Because claimant made a timely objection, the majority in *Joyce* held that this hearsay testimony was inadmissible. Thus, the majority reversed the Com-

1. There was no substantial evidence because the evidence upon which the referee's decision was based was inadmissible. This rationale is different from that of Commonwealth Court. Commonwealth Court held that Pertile had met his burden of showing that he applied for the job in question, and that the employer had not rebutted Pertile's testimony, since Pertile may have applied but his application may have been lost. Presumably, Commonwealth Court believed that Pertile did not apply on October 25, since the employer had no record of his application on October 28, but that he may have applied after October 28 and his application may have been lost.

Pertile prevails in the case not because he may have applied after October 28 and his application may have been lost, as Commonwealth Court reasoned, but because he introduced evidence of his October 25 application and the employer introduced only inadmissible hearsay evidence that rebuts his testimony that he applied on October 25. The employer's evidence as to possibly lost applications has no bearing on the case, for such evidence was also inadmissible hearsay and, in any event, was immaterial since Pertile made no claim that he applied after October 28, the date when the counselor checked the first time.

monwealth Court's affirmance of the modification of claimant's benefits since the employer had failed to present any other substantial evidence to meet its burden of proving job availability under *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987).

In my concurring and dissenting opinion in *Joyce,* I concurred with the majority to the extent that it announced a rule of law that hearsay testimony alone, to which a proper objection is made, cannot support a referee's finding in a workers' compensation case. I also agreed with the majority that the job placement specialist's testimony as to whether claimant applied for a certain position was hearsay testimony. However, I dissented from the majority's holding because I believed that such testimony did not go towards proving the issue of job availability. Instead, I believed that such testimony went to the issue of whether claimant pursued a referred position in good faith. Because the job placement specialist's testimony was hearsay to which a timely objection was made, I stated that such testimony standing alone could not be used by the referee to support a finding that claimant acted in bad faith. However, since there was other non-hearsay evidence to support a finding of bad faith (such as claimant failing to follow instructions in applying for a position and claimant's admission that he needed to do more in seeking future employment), I dissented from the majority's reversal of the modification of claimant's benefits.

In the case *sub judice,* it is clear the vocational counselor's testimony that appellee, Louis A. Pertile, did not apply for a position with Tri–State Equipment constituted hearsay testimony to which appellee made a timely objection. Thus, pursuant to *Joyce,* this evidence could not be used by the referee to support a finding that appellee acted in bad faith in seeking the TriState Equipment position. Unlike *Joyce,* however, the record does not contain any non-hearsay evidence to independently support a finding of bad faith. Accordingly, I join in majority's affirmance of the Commonwealth Court's reversal of the modification of appellee's benefits.