**Daniel MAGULICK, Petitioner,**

**v.**

**WORKERS' COMPENSATION APPEAL BOARD (BETHLEHEM STEEL CORPORATION), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 12, 1997.

Decided Dec. 4, 1997.

Joseph J. Cirilano, Pittsburgh, for petitioner.

James C. Munro, II, Johnstown, for respondent.

Before DOYLE and McGINLEY, JJ., and LORD, Senior Judge.

DOYLE, Judge.

Daniel Magulick (Claimant) appeals an order of the Workers' Compensation Appeal Board (Board) which reversed the decision of the Workers' Compensation Judge (WCJ) which had awarded Claimant disability payments for a closed two-week period in February 1993, and for another closed period from April 30, 1993, through August 30, 1993, and awarded continuing total disability beginning on December 17, 1993, except for a period from June 24, 1994, through June 27, 1994.

The record reveals the following facts. Claimant began his employment as an electrician with Bethlehem Steel Corporation (Employer) on April 12, 1965, and on March 6, 1992, he was injured when he fell approximately 28 feet from a ladder while in the course and scope of his employment. As a result, Claimant suffered multiple compression fractures in his lower back, which required seven days of hospitalization and forced Claimant to miss work from March 6, 1992, until November 4, 1992, the date on which he returned to work. During the time of his disability, Claimant received workers' compensation benefits. The WCJ found that he returned to the job of electrician, but it was not as physically strenuous because Employer was in the process of shutting down. When Claimant returned to work, he continued to experience back pain such that he could not stand, kneel or sit for more than forty-five minutes without pain.

Shortly after Claimant returned to work, on November 16, 1992, Employer filed a termination petition, alleging that Claimant had fully recovered from his injury as of November 4, 1992. Claimant filed a timely answer denying that he had fully recovered and, in an amended answer, requested a reinstatement of his benefits because he was laid off for a two-week period in February of 1993 as well as from April 30, 1993, to August 30, 1993. Following these layoffs, Claimant worked until December 16, 1993, when he was laid off for a final time as a result of the closing of Employer's facility. Claimant's only other work was as an electrician for United Industries from June 23, 1994, to June 27, 1994, where he performed light wiring, but ceased working entirely when the job was completed.

At a July 13, 1994 hearing before the WCJ, Claimant testified concerning his pre-injury duties, his injury, and his return to work. Claimant explained that, due to a shut down at Employer's facility, his post-injury duties with Employer consisted mainly of inspection, taking inventory, and changing light bulbs. (Notes of Testimony (N.T.), 7/13/94, at 12; Reproduced Record (R.R.) at 75a.) Thus, although he had the same job **title** when he returned to work on November 4, 1992, Claimant considered his actual duties at that time to be light duty. Claimant concluded that he could not perform his time-of-injury job due to lingering back pain that resulted from his injury.

In addition to his own testimony, Claimant presented the deposition testimony of Dr. Robert Rundorff, one of Claimant's treating physicians. At his September 22, 1993 deposition, Dr. Rundorff testified that he would not diagnose Claimant as fully recovered due to Claimant's residual back pain. In addition, Dr. Rundorff noted that a work-capacity evaluation, dated October 30, 1992, indicated that Claimant could perform work at a *medium*-heavy level. He concluded that Claimant's job duties with Employer, as they existed when Claimant returned to work, were within this level. (N.T., 9/22/93, at 9; R.R. at 48a).

In response, Employer presented the deposition testimony of Dr. Trevor W. Yardley and Dr. Roy W. Warren. Dr. Yardley treated Claimant when Claimant was hospitalized immediately after his injury. Dr. Yardley stated that Claimant's pre-injury job involved *heavy* work. Although Claimant's physical evaluations indicated that he could perform only medium-level work, Dr. Yardley released Claimant to return to work without restrictions because he believed that Claim-

ant had fully recovered from his injury as of August 31, 1992, the last date that Dr. Yardley saw Claimant. In contrast, Dr. Warren who provided occupational health services to Employer, concluded that Claimant was no longer disabled and could return to his job as of November 3, 1992.

Based upon the evidence before him, the WCJ made his findings of fact. Specifically, the WCJ found the testimony of Employer's doctors to be less credible because the doctors contradicted each other regarding the date on which Claimant was able to return to his job and when he no longer needed treatment. (WCJ Decision at 8; Finding of Fact (F.F.) No. 10; R.R. at 140a.) The WCJ concluded that Employer had not carried its burden of showing that Claimant had either completely recovered from his work-related injury or that there was no causal connection between the current disability and the March 6, 1992 accident. (WCJ Decision at 9; Conclusion of Law No. 2; R.R. at 141a.) As a result, the WCJ denied Employer's Termination Petition and reinstated Claimant's disability payments for the closed two-week period in February 1993 when Claimant was not working, as well as for the other closed period, from April 30, 1993, to August 30, 1993. The WCJ further ordered Employer to pay Claimant continuing total disability from December 17, 1993, except for the four-day period from June 23, 1994, to June 27, 1994, when Claimant was employed at United Industries. (WCJ Decision at 9; Conclusions of Law No. 4–5; R.R. at 141a.)

On appeal to the Board, Employer argued that Claimant's earning loss was not caused by his work-related injury, but was caused solely by Claimant's layoff from Employer. The Board agreed citing *Harle v. Workmen's Compensation Appeal Board (Telegraph Press, Inc.)*, 540 Pa. 482, 658 A.2d 766 (1995), and held that a claimant must demonstrate that his loss of earnings is due to a work-related injury. The Board concluded that Dr. Rundorff's testimony, that any restric-

tions that Claimant had were consistent with the resumption of his employment with Employer, demonstrated that *Claimant* failed to prove that his loss of earnings was due to his work-related injury. (Decision of the Board at 6; R.R. at 128a.) Thus the Board reversed the decision of the WCJ and suspended Claimant's benefits effective December 17, 1993.

■ On appeal,[1] Claimant raises two issues. First, Claimant argues that the Board committed an error of law by concluding that the present case is controlled by our Supreme Court's decision in *Harle.* Second, if we determine that the Board erred in denying Claimant benefits, Claimant alleges that the WCJ incorrectly calculated Claimant's benefits. Therefore, if we find that the Board did err in reversing the decision of the WCJ, we must also recalculate Claimant's weekly benefits.

■ It is, of course, well settled that a suspension of benefits is warranted under the Workers' Compensation Act (Act)[2] when a claimant experiences a residual physical impairment, but the claimant's wages are equal to or greater than the amount earned in his or her pre-injury position. *Diffenderfer v. Workmen's Compensation Appeal Board (Rabestos Manhatten, Inc.)*, 651 A.2d 1178 (Pa.Cmwlth.1994), *petition for allowance of appeal denied*, 540 Pa. 642, 659 A.2d 561 (1995). Although an employer is still responsible for the consequences of a work-related injury, no benefits are paid to the claimant because his or her earning power is not affected by the injury.

■ Generally, a claimant seeking to have his or her benefits reinstated following a suspension bears the burden of proving that: (1) through no fault of his own, his earning power has again been affected by the work-related injury; and (2) the disability that gave rise to the original injury continues. *Pieper v. Ametek–Thermox Instruments Division*, 526 Pa. 25, 584 A.2d 301 (1990).

---

1. This Court's appellate review is limited to determining whether necessary findings of fact were supported by substantial evidence, whether constitutional rights were violated, or whether an error of law was committed. *Joyce v. Workmen's Compensation Appeal Board*, 545 Pa. 135, 680 A.2d 855 (1996).

2. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4.

In *Harle v. Workmen's Compensation Appeal Board (Telegraph Press, Inc.)*, both this Court and our Supreme Court examined the effect of a layoff on the suspension/reinstatement analysis. The *Harle* case involved a claimant who received benefits as a result of an injury he sustained while he was employed as a pressman. The claimant's physician initially released the claimant to a light-duty position, but later released the claimant to return to work with no restrictions, despite the fact that the claimant complained of lingering pain in his thumb. Harle was laid off by his employer, but obtained a similar position as a pressman that paid slightly less per hour than his previous job. The WCJ granted the employer's termination petition and the Board affirmed. On appeal, this Court reversed the decision of the Board. In reversing this Court's decision, our Supreme Court concluded that a suspension of benefits is proper and no benefits are payable when a claimant's disability is attributable to factors other than his work-related injury. Additionally, our Supreme Court concluded that Harle's loss of earning power was not due to his injury at work because he was again working as a pressman.

█ Subsequent to the *Harle* decision, however, this Court had occasion to further refine the allocation of the burden of proof in order for a claimant to receive a reinstatement of benefits following a suspension and a layoff. This refinement perpetuated further the legal distinction between a disability resulting from economic factors, such as a layoff, and a disability attributable to a work-related injury. In *Teledyne McKay v. Workmen's Compensation Appeal Board (Osmolinski)*, 688 A.2d 259 (Pa.Cmwlth.1997), the claimant injured his thumb in the course of his employment on July 20, 1984. As a result, the claimant received workers' compensation benefits until the claimant returned to work on September 24, 1984, the date on which the claimant's benefits were suspended by supplemental agreement. On July, 2, 1993, the claimant was laid off. On February 3, 1994, the claimant sought reinstatement of his benefits because his earning power had once again been adversely affected by the work-related injury. In granting benefits, we applied the following analysis:

Where a claimant returns to work under a suspension, **with restrictions**, that is, does not return to his or her time-of-injury job, but rather to a modified position, and is subsequently **laid off** and petitions for the reinstatement of benefits, the claimant is also entitled to the presumption that his or her disability, *i.e.*, loss of earning power, is causally related to the continuing work injury.

Conversely, where a claimant returns to work under a suspension, **without restriction**, to his or her pre-injury job, is subsequently laid off, and then petitions for reinstatement, the claimant has the burden to affirmatively establish that it is the work-related injury which is **causing** his or her present loss of earnings. That is, while the claimant still enjoys the presumption that some work-related medical injury continues, the claimant is not entitled to the presumption that his or her present *disability*, *i.e.*, loss of earnings, is causally related to that work injury.

*Id.* at 262 (citations omitted) (footnote omitted) (emphasis in original). Once a claimant establishes the causal connection between the loss of earnings and the original injury, either by presumption or by affirmative proof, the claimant will receive a reinstatement of benefits unless the employer either provides available work within the claimant's restrictions or demonstrates that the claimant's disability is caused by something other than the work-related injury. *Trumbull v. Workmen's Compensation Appeal Board (Helen Mining Co.)*, 683 A.2d 342 (Pa.Cmwlth.1996).

█ In the present case, it is clear that Magulick returned to his *pre-injury* job **with restrictions**. Dr. Rundorff testified that Claimant could perform his job duties as *they existed upon his return to work*, but did not testify that Claimant could perform his pre-injury duties. Dr. Rundorff explained that it was his understanding that Claimant's job duties had decreased in amount and physical intensity. Dr. Rundorff also indicated that he released Claimant to perform work at a medium-heavy level, as defined by the Department of Labor standards. However, the WCJ found that Claimant's pre-injury job

was heavy **labor,** and this conclusion is supported by the record. (WCJ decision at 6; F.F. No. 4(o); R.R. at 136a.) Thus, because Claimant did not return to work to perform heavy labor, but was only released to perform work at a less-strenuous level, it cannot accurately be said that he returned to work without restrictions. Therefore, Claimant was entitled to the presumption that his loss of earning power was causally related to his injury, and it was error by the Board to hold otherwise, *i.e.,* that the burden was on Claimant to establish that his disability was caused by his work-related injury.

Under these circumstances, because Claimant was entitled to this presumption, the Board erred in applying *Harle* to the present case. By doing so, the Board not only deprived Claimant of the presumption to which he was entitled, *i.e,* that any loss of earning power was causally related to his continuing work-related injury, but also saddled Claimant with the burden of affirmatively proving that his loss of earnings was causally related to his work-related injury.

Because Claimant was entitled to the presumption that his loss of earnings was causally related to his continuing work-related injury, Employer needed to offer evidence of available work within Claimant's physical restrictions or establish that Claimant's current disability was not due to his work-related injury. Because the record does not support a finding that Employer satisfied this burden, we are obligated to reverse the decision of the Board.

Because the Board reversed the WCJ's decision and denied benefits, it did not reach Claimant's second issue concerning Claimant's average weekly wage. In his opinion, the WCJ found that Claimant's average weekly salary at the time of his injury was $440.00 (WCJ decision at 8; R.R. at 140a.) However, the Notice of Compensation Payable indicates that Claimant's average weekly wage at the time of his injury was $692.34. Because the Board did not reach this issue, we are further obligated to remand the case to the Board for a determination of Claimant's average weekly wage and the calcula-

tion of Claimant's benefits based on that figure.

Reversed and remanded.

### *ORDER*

**AND NOW,** December 4, 1997, the order of the Workers' Compensation Appeal Board in the above-captioned matter is hereby reversed and the case is remanded to the Board for a determination of Claimant's average weekly salary and a computation of benefits based on that figure.

Jurisdiction relinquished.

