599 A.2d 275

**ARBOGAST AND BASTIAN, Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (MOYER), Respondent.**

Commonwealth Court of Pennsylvania.

Argued: Sept. 13, 1991.

Decided Nov. 14, 1991.

Paul J. Dufallo, for petitioner.

Eric L.B. Strahn, for respondent.

Before CRAIG, President Judge, KELLEY, J., and BARBIERI, Senior Judge.

BARBIERI, Senior Judge.

Arbogast and Bastian (Employer) requests our review of an order of the Workmen's Compensation Appeal Board (Board) assessing counsel fees against it for unreasonable contest. We will reverse.

Paul L. Moyer, (Claimant), suffered a work-related injury on July 20, 1977, for which compensation was paid under a Notice of Compensation Payable until, based upon the opinion and report of Dr. Christopher G. Lynch, pursuant to an examination by this physician on November 18, 1987, Employer filed a Termination Petition as supported by Dr. Lynch that Claimant could do light or sedentary work. Employer offered in evidence the doctor's report and also a list of available jobs approved by Dr. Lynch on February 23, 1988. Whatever issue may have been raised here went out of the case when Dr. Lynch re-examined the Claimant on September 29, 1988, and in his report on this second examination, he indicated his change of opinion concerning Claimant's capabilities, concluding that Claimant could not return to light work; whereupon at the next hearing, on an Application for Supersedeas held on November 14, 1988, Employer withdrew its Petition and agreed to pay compensation and Claimant's costs, but not attorney's fees.

The referee awarded counsel fees in the amount of $1,500.00 paid to Claimant's attorney. On appeal the Board affirmed, citing as authority, and quoting from, our decision in the case of *Pieretti v. Workmen's Compensation Appeal Board (Denny's, Inc.)*, 135 Pa.Commonwealth Ct. 309, 581 A.2d 990 (1990). Since we find this case not controlling here, particularly in light of significant differences between it and the view of it held by the Board, we will reverse.

Commenting upon the Board's view in *Pieretti* we stated:

On review, Claimant contends that Employer cannot avoid the imposition of counsel fees pursuant to Section 440 of the Act, 77 P.S. § 996,[1] by requesting that its petition be withdrawn prior to the referee's decision but after the record was closed. Otherwise, according to Claimant, a self-insured employer or its insurance carrier

> could always avoid the award of unreasonable contest attorney's fees, no matter how justified the award of those fees may be, by writing to the Referee at the twenty-fourth (24th) hour requesting a withdrawal of their Petition. Under the logic of the Board, the Petition having been withdrawn, there is no final determination and the [self-insured employer or its insurance carrier] would not be responsible for what could be extensive costs on the part of the claimant in defending the ... Petition. This is surely not in conformity with the strong social policy upon which the [Act] is based.

*Id.*, 135 Pa.Commonwealth Ct. at 313, 581 A.2d at 992–993 (footnote added).

In *Pieretti*, as here, the petition was by the employer to reduce its liability after a supersedeas request was denied. Four further hearings were scheduled; the record was closed without presentation of any evidence by the employer in support of its petition. Prior to the entry of the referee's decision, the employer requested that its petition be withdrawn, which request was granted. The Board in that case affirmed the referee's disallowance of counsel fees, but we stated:

> In our view, Employer's withdrawal of its petition *here* constitutes an admission that its contest was unreasonable, rendering a remand unnecessary. In any event, where, as here, an employer persists in maintaining a suspension or termination petition absent evidence to support the remedy sought, the employer's contest is unreasonable as a matter of law for purposes of awarding counsel fees under Section 440 of the Act, 77 P.S.

1. Section 440 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* added by Section 3 of the Act of February 8, 1972, P.L. 25, 77 P.S. § 996.

§ 996. See *Weidner v. Workmen's Compensation Appeal Board*, 497 Pa. 516, 522 n. 4, 442 A.2d 242, 245 n. 4 (1982). See also *Boothman [v. Workmen's Compensation Appeal Board (City of Philadelphia)*, 74 Pa.Commonwealth Ct. 234, 459 A.2d 1317 (1983)].

*Pieretti*, 135 Pa.Commonwealth Ct. at 315, 581 A.2d at 994 (emphasis added).

Here, however, we find no fault or other conduct that could be termed unreasonable on the part of Employer, such as withdrawing its petition under the circumstances presented here: Dr. Lynch's opinion having been changed by Dr. Lynch, a circumstance completely out of the control of Employer. Indeed, Employer's action in this case must be deemed totally without taint and clearly commendable, rather than provide a basis for a sanction in addition to the other obligations Employer here freely accepted on its withdrawal. Under these circumstances, of course, as previously noted, we will reverse.

## ORDER

NOW, November 14, 1991, the order of the Workmen's Compensation Appeal Board as of No. A89–481, January 14, 1991, is hereby reversed.