Michael HARNEY, Petitioner,

v.

WORKMEN'S COMPENSATION AP-
PEAL BOARD (PHILADELPHIA
COCA COLA BOTTLING COMPANY),
Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 30, 1994.
Decided May 23, 1995.
Reargument Denied July 21, 1995.

Michael N. Silver, for petitioner.

Jack T. Ribble, Jr., for respondent.

Before DOYLE and KELLEY, JJ., and
NARICK, Senior Judge.

DOYLE, Judge.

This is an appeal by Michael Harney
(Claimant) from the June 23, 1994 order of
the Workmen's Compensation Appeal Board
which reversed an order by a referee award-
ing Claimant counsel fees under Section 440
of the Workers' Compensation Act (Act,)[1]
but otherwise, affirmed the referee's order
requiring Philadelphia Coca Cola Bottling
Company (Employer) to pay Claimant's med-
ical bills for psychological treatment.

On November 1, 1988, Claimant suffered a
work-related injury when he was struck by a
truck in the course of his employment. Em-
ployer accepted liability for Claimant's inju-
ry, which was listed in the notice of compen-
sation payable as contusions to the left side
of the body. Approximately one and one-half
years later, Claimant began psychiatric treat-

1. The Act of June 2, 1915, P.L.736, *as amended,*     77 P.S. § 996.

ment with Dr. Joshua Werblowsky as a result of the work incident. Claimant submitted the bills for his psychiatric medical care to Employer, who refused to pay them. On August 26, 1991, Claimant's benefits were commuted. The terms of the commutation required that Employer continue paying for Claimant's medical treatment.

On November 20, 1991, Claimant filed two petitions: (1) a petition for review, asserting that Employer was required to pay the medical bills for Claimant's psychological treatment because the treatment was caused by his work-related injury; and (2) a penalty petition, alleging that Employer violated Section 306(f) of the Act[2] and should be assessed interest, penalties[3] and attorney's fees under Section 440 of the Act. On January 6, 1993, the referee decided both petitions, holding that Employer was liable for the costs of Claimant's psychological medical care, concluding that they were causally related to the work incident of November 1, 1988, and the referee also awarded Claimant attorney's fees for the sum of $4,180 on a quantum meruit basis, representing 20.9 hours of work by Claimant's counsel. Employer appealed to the Board and the Board affirmed the referee regarding the payment of the psychiatric bills, but reversed the assessment of attorney's fees against Employer, concluding that Employer had a reasonable basis to contest the payment of Claimant's psychiatric bills.

The two issues presented by Claimant to this Court on appeal are (1) whether Claimant is entitled to attorney's fees assessed against Employer pursuant to Section 440 of the Act,[4] since he prevailed in his petition for review, and (2) whether Claimant's attorney is entitled to a reasonable fee from Claimant pursuant to Section 442 of the Act, 77 P.S. § 998, for services rendered.

■ Regarding the first issue, Section 440 states in pertinent part:

> In any contested case where the insurer has contested liability in whole or in part, ... [a claimant] in whose favor the matter at issue has been finally determined shall be awarded ... a reasonable sum for costs incurred for attorney's fee[s], witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings: **Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established**.... (Emphasis added.)

77 P.S. § 996. A claimant is eligible for attorney's fees under Section 440, when he or she prevails *and* the employer's contest is unreasonable, *Nortim, Inc. v. Workmen's Compensation Appeal Board (Rolick)*, 150 Pa.Commonwealth Ct. 196, 615 A.2d 873 (1992), and further, the employer has the burden of proving a reasonable basis for contest. *Delaware Valley Fish Co. v. Workmen's Compensation Appeal Board (Woolford)*, 151 Pa.Commonwealth Ct. 387, 617 A.2d 48 (1992). Generally, a reasonable contest is one which is prompted by a genuinely disputed issue and not merely done to harass a claimant. *Id.*

Initially, Employer contested the payment of the bills for psychiatric treatment because it did not believe that Claimant's mental injury was work-related, and because it was Claimant's burden to prove the work-relatedness of the psychological injury. Moreover, it had its own medical expert's opinion that Claimant's mental problems were not caused by the work incident of November 1, 1988. However, even if Claimant had the burden of

---

2. Section 306(f) of the Act, 77 P.S. § 531, states that a claimant shall be reimbursed by an employer for the reasonable costs of medical care for work-related injuries.

3. Penalties and interest pursuant to Section 435 of the Act, 77 P.S. § 991, were not awarded by either the referee or the Board, and are not an issue before this Court.

4. Section 440 was amended July 2, 1993, by Act 44, Act of July 2, 1993, P.L. 190, which became effective sixty days later. The amended section contains essentially the identical provisions as in the previous Act. The only significant change is that the referee must now make a finding as to the amount and length of time for which the fee is payable based upon the skill required, the duration of the proceeding, and time and effort required and expended. Since Claimant's petition was filed before the effective date of the amendment, the prior version of Section 440 will be used.

proving the mental injury[5] and Employer believed it had a valid, credible defense to the payment of the medical bills, that would not automatically make Employer's contest reasonable. *See Kuney v. Workmen's Compensation Appeal Board (Continental Data Systems and PMA Insurance Co.)*, 127 Pa.Commonwealth Ct. 628, 562 A.2d 931 (1989), *petitions for allowance of appeal denied*, 527 Pa. 604, 589 A.2d 694 and 527 Pa. 605, 589 A.2d 694 (1990). Where the underlying disputed issue is the work-relatedness of an injury, "[t]o reasonably contest that an injury is not work-related, an employer must have in its possession at the time of the decision to contest or shortly thereafter medical evidence supporting that position." *Yeagle v. Workmen's Compensation Appeal Board (Stone Container Corp.)*, 157 Pa.Commonwealth Ct. 597, 602, 630 A.2d 558, 560 (1993).

█ In this case, Claimant began psychological treatment in May of 1990 and Employer's medical expert did not examine Claimant until September 18, 1991. Because of the length of time between Claimant's commencement of the psychiatric treatment and the examination of Claimant by Employer's expert,[6] the referee determined that Employer had unreasonably contested Claimant's mental injury bills.[7]

However, it is not the date that the psychiatric treatment begins, but the date when notice of the psychiatric care was first given to Employer which influences the reasonableness of the contest. *See White.* After a close review of the record, we are unable to determine when Employer was notified and when Claimant provided Employer with the bills and reports for Claimant's psychological care. The only information provided in the record is the date when Claimant began his psychiatric treatment, and the date when Employer first obtained its own contrary medical evidence. Even though the referee's Finding of Fact No. 4 states: "Claimant submitted into evidence medical reports and outstanding bills which had been submitted to the [Employer] through its counsel by letter dated, January 10, 1992 . . .," no determination was ever made regarding when Employer was first notified of the claim for psychiatric care. We note that the January 10, 1992 letter indicates that Claimant had previously mailed medical bills to Employer.[8] Since there are insufficient factual findings for this Court to decide whether there was a reasonable contest, this case must be remanded for the fact finder to elicit the date when Claimant first notified Employer and submitted his psychiatric bills, and, then compare that date with the date Employer had Claimant examined by its expert, to determine if Employer had grounds for a reasonable contest.

█ Claimant's attorney also argues that he should receive reasonable attorney's fees for services rendered pursuant to Section 442 of the Act, 77 P.S. § 998. Section 442 states in pertinent part that:

In cases where the efforts of claimants' counsel to produce a result favorable to the claimant but where no immediate award of

---

5. When a claimant is alleging a subsequent symptom stemming from the work incident which is not obviously causally related, the claimant has the burden of presenting unequivocal medical evidence establishing the causation. *Kurtiak v. Workmen's Compensation Appeal Board (Western Sizzlin' Steak House)*, 160 Pa.Commonwealth Ct. 637, 635 A.2d 732 (1993).

6. It is well established that after-acquired medical evidence obtained after a long period of uncontradicted proofs is not sufficient to establish a reasonable contest. For example, in *Yeagle*, employer contested the claim petition asserting that claimant's injury was not work-related even after employer had its own doctor's opinion that the injury **was** substantially caused by claimant's employment. Employer continued the contest and, therefore, we held that employer did not estab-

lish a reasonable contest. *See also Jones & Laughlin Steel Corp. v. Workmen's Compensation Appeal Board (White)*, 92 Pa.Commonwealth Ct. 318, 500 A.2d 494 (1985) (no reasonable contest existed when it was not until eight months after the employer contested claimant's claim petition, that it had claimant examined by a physician, who found no disability).

7. Finding of Fact No. 11.

8. The fact that the Employer's psychiatric expert examined Claimant on September 18, 1991, lends credence to the fact that Employer had notice of Claimant's psychiatric injuries before the January 10, 1992 letter, and that the date of the letter is not the first date Employer was notified of Claimant's psychiatric injury.

compensation is made ... the hearing official shall allow or award reasonable counsel fees, *as agreed upon by claimant and his attorneys*, without regard to any per centum. (Emphasis added.)

This section obviously pertains to fee agreements between claimants and their attorneys and is totally distinct from Section 440 of the Act. *Creighan v. Workmen's Compensation Appeal Board (Mellon Stuart Corp.)*, 154 Pa.Commonwealth Ct. 620, 624 A.2d 680 (1993). For a claimant's attorney to receive payment for services rendered, he or she must first enter into a fee arrangement with his or her client and then receive approval from either the referee or the Board. *Piergalski v. Workmen's Compensation Appeal Board (Viviano Macaroni Co.)*, 153 Pa. Cmwlth. 321, 621 A.2d 1069 (1993). In this case, the record does not contain any fee agreement between Claimant and his attorney and this Court cannot assume that such an agreement did in fact exist. We cannot therefore grant Claimant's attorney any fees for services rendered under the facts in this record.

On remand, if the fact finder concludes that Employer did reasonably contest Claimant's petition for review, then it must ascertain whether a fee agreement between Claimant and his attorney existed, and if no such agreement is found, Claimant's attorney has no recourse.[9] However, if the fact finder concludes that Employer did not have a reasonable basis for a contest then there is no need to reach the issue of a fee agreement.

### ORDER

NOW, May 23, 1995, the order of the Workmen's Compensation Appeal Board in the above-captioned matter, is vacated and this case is remanded to the Board with instructions to remand this case to the refer-

ee for proceedings in accordance with the foregoing opinion.

Jurisdiction relinquished.

---

9. Claimant's attorney, in support of his argument, asserts that "[t]o disallow reasonable counsel fees in a situation where no immediate award of compensation is made, would have the effect of precluding potential [c]laimant[s] from obtaining adequate legal representation." (Claimant's Brief at 10.) This is patently an inaccurate statement, for the Act specifically permits an attorney to enter into a fee agreement with his client. An attorney representing a client in a workers' compensation case may request on behalf of his or her client an award for attorney's fees under Section 440 which Employer would be obliged to pay, but in the alternative counsel should in all instances have a written confirmation of his or her fee agreement with the client. *See* Rule 1.5(b) of the Pa. Rules of Professional Conduct.