**Charles T. WERTZ, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (DEPARTMENT OF CORRECTIONS), Respondent.**

**PENNSYLVANIA DEPARTMENT OF CORRECTIONS, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (WERTZ), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 12, 1996.

Decided Oct. 18, 1996.

James L. McAneny, for Petitioner, Charles Wertz.

Stephen F. Moore, for Respondent, Department of Corrections.

Before DOYLE and KELLEY, JJ., and LORD, Senior Judge.

KELLEY, Judge.

Charles T. Wertz (claimant) and the Pennsylvania Department of Corrections (employer) both appeal from an order of the Workmen's Compensation Appeal Board which (1) reversed the decision of a workers' compensation judge (WCJ) which had granted the reinstatement petition filed by claimant; and (2) dismissed an appeal by claimant for attorney's fees for unreasonable contest. Claimant also appeals from an order of the board which granted employer's petition for supersedeas as to costs and medical expenses.

Claimant originally worked as a school principal at the Camp Hill prison. In November 1989, claimant sustained a work-related psychological injury as a result of the Camp Hill prison riots. His diagnosis was post traumatic stress disorder. Claimant was awarded total disability benefits.

In December 1991, claimant returned to work, in a modified position, without a loss of earnings. Therefore, his benefits were suspended. Claimant was restricted from having any contact with prison inmates. As such, claimant performed clerical duties and purged inactive inmate files in the prison records office. Every thirty days, claimant's therapist, Dr. Stephen P. Lindenberg, sent employer a request for an extension of claimant's modified duties. In May 1992, claimant was informed that his modified job was to be made a permanent position entitled Records Specialist II. He was asked by his supervisor to revise the job description to eliminate inmate contact. Claimant then began to experience an increase in his post traumatic stress disorder symptoms.

On September 18, 1992, claimant observed an unsupervised inmate in the records office. Inmate trustees cleaned this area when claimant was not there. Claimant reported to his supervisor that he had seen an inmate in his work area. In October 1992, claimant was involuntarily reclassified from a school principal to a Records Specialist II.

After receiving official notice of his reclassification, claimant became very upset, lost emotional control and stopped working. On January 21, 1993, claimant filed with the Bureau of Workers' Compensation a petition to reinstate his benefits, alleging a recurrence of his psychological disability. Several hearings were held before a WCJ.

Claimant testified before the WCJ about his loss of emotional control. He stated that he thought that the inmate he had seen in the records office was trying to intimidate him because claimant had expelled him from school twice in the past. Claimant testified that he had experienced a recurrence of dreams about inmates and his fear of them. Claimant stated that, ever since the prison riots, he has viewed all inmates as untrustworthy. He also stated that he thought employer was arranging to terminate him. Claimant testified that he had continued to

receive treatment for his psychological problems while performing modified duties for employer and that he had continued to take anti-anxiety medication.

In support of his reinstatement petition, claimant presented the testimony of Dr. Lindenberg who had been treating claimant since November 1989. He opined that claimant was suffering from a recurrence of his original post traumatic stress disorder as a result of his job reclassification. Dr. Lindenberg noted that he had written a letter to employer in September 1992 in which he had informed employer that claimant was again experiencing post traumatic stress disorder symptoms which Dr. Lindenberg attributed to employer's efforts to permanently reclassify claimant. Dr. Lindenberg further informed employer that claimant could not return to his former job as a prison school principal and could not work in the proximity of inmates. He testified that claimant had experienced anxiety as a result of his exposure to an unsupervised inmate in the records office. Dr. Lindenberg opined that claimant was permanently disabled and could not work inside or outside of the prison, in either his original job or his modified job, as of November 2, 1992.

Employer presented the testimony of Dr. Gary M. Glass who performed a psychiatric evaluation of claimant in April 1993. Dr. Glass did not agree with the diagnosis that claimant suffered from post traumatic stress disorder. Dr. Glass opined that claimant suffered from an adjustment disorder with anxiety as the result of the prison riots. He thought that claimant's impairments were mild and that claimant had improved with psychotherapy and medication. Dr. Glass opined that claimant could function in his chosen profession and that limited contact with inmates would have been appropriate. He stated that, even if he had agreed with a diagnosis of post traumatic stress disorder, he did not believe that claimant's job reclassification had caused a recurrence of that condition. Dr. Glass also testified that, in his opinion, Dr. Lindenberg's fees were overly high in light of the fact that Dr. Lindenberg was not a licensed clinical psychologist but a certified school psychologist.

The WCJ found the testimony of claimant and Dr. Lindenberg to be persuasive with respect to the recurrence of claimant's disability. The WCJ further found that Dr. Glass did not testify as to the recurrence of claimant's disability. Rather, Dr. Glass disputed claimant's original diagnosis which was a matter that had already been judicially determined when claimant's original claim petition was granted. The WCJ also found the testimony of Dr. Lindenberg to be persuasive with respect to his qualifications for treating patients clinically and his rates for treatment.

The WCJ concluded that claimant had met his burden of showing that he had experienced a recurrence of his original disability. The WCJ further concluded that employer had failed to show that claimant's disability had ceased or that there was modified work within claimant's capabilities which was available to him. The WCJ also concluded that claimant had affirmatively established that his psychological treatment bills were reasonable and necessary. Accordingly, claimant's reinstatement petition was granted and he was again awarded total disability benefits. Employer was deemed responsible for claimant's medical bills, including those for psychological counseling, and for costs.

Both employer and claimant appealed to the board. Employer also filed with the board a petition for supersedeas pending appeal. By order dated August 29, 1994, the board denied the petition for supersedeas as to claimant's compensation but granted it as to costs and medical expenses.

In its appeal to the board, employer alleged that several of the WCJ's findings of fact were not supported by substantial evidence, that the WCJ had erred in relying upon the testimony of Dr. Lindenberg because he was an unlicensed counselor, that claimant's symptoms resulted from a reclassification of job duties which did not constitute an abnormal working condition and that the WCJ had erred in concluding that claimant's psychological treatment bills were reasonable and necessary. The board concluded that claimant had not met his burden of proof with respect to a reinstatement of benefits. The board stated that, where a psychiatric

injury is involved, a claimant must prove that his injury arose from abnormal working conditions rather than from his subjective reaction to normal working conditions. The board concluded that claimant had not established that the reclassification of his job was an abnormal working condition which triggered the recurrence of his mental disability and resulted in a loss of earning power. As such, the board reversed the WCJ's decision granting claimant's reinstatement petition.[1]

In his appeal to the board, claimant alleged that the WCJ had erred in not finding employer's contest of liability to be unreasonable so as to warrant the awarding of counsel fees to claimant. The board concluded that employer's contest of liability in this case was reasonable. As such, claimant's appeal was dismissed. Both claimant and employer now appeal the board's determination to this court.[2] Claimant also appeals the August 29, 1994 order of the board which granted employer's petition for supersedeas as to costs and medical expenses.

## I. CLAIMANT'S APPEAL

In his appeal, claimant raises the following issues for our review: (1) whether a claimant seeking reinstatement of benefits for a psychological injury is required to demonstrate new abnormal working conditions to support his claim for a recurrence of disability; (2) whether the board erred in granting a supersedeas as to claimant's medical expenses when benefits had only been suspended and treatment had continued without interruption from the time of claimant's original injury; (3) whether the board erred in dismissing claimant's appeal seeking payment of attorney's fees for unreasonable contest; and (4) whether the board erred in considering employer's untimely filed brief.

■ Claimant first asserts that he is not required to demonstrate new abnormal work-

ing conditions in order to be entitled to a reinstatement of disability benefits. We agree.

■ When a claimant initially seeks to recover workers' compensation benefits for a psychiatric injury, the claimant's burden of proof is twofold. The claimant must prove by objective evidence that he has suffered a psychiatric injury and the claimant must prove that such injury is other than a subjective reaction to normal working conditions. *Martin v. Ketchum, Inc.*, 523 Pa. 509, 568 A.2d 159 (1990).

In the present case, claimant satisfied his burden of proof with respect to his original claim petition. Claimant established that he suffered a work-related psychological injury which was not merely a subjective reaction to normal working conditions. As such, claimant was awarded total disability benefits for his post traumatic stress disorder. In December 1991, claimant's disability benefits were properly suspended because claimant returned to work, in a modified position, without a loss of earnings.

■ When a claimant later petitions for a reinstatement of benefits following a suspension, the claimant need not reprove the causal connection between the original work-related injury and the disability which gave rise to compensation because such causation was established at the time of the original claim. *Pieper v. Ametek–Thermox Instruments Division*, 526 Pa. 25, 34, 584 A.2d 301, 305 (1990). The claimant is required to demonstrate only that the reasons for the suspension no longer exist. *Id.* at 33, 584 A.2d at 304. The law requires a claimant to prove two things in order to show that the reasons for a suspension no longer exist. *Id.* at 34, 584 A.2d at 305. First, he must prove that his earning power is once again adversely affected by his disability through no fault of

---

**1.** We note that in its decision, the board did not address the issue raised by employer in its appeal as to whether claimant's psychological treatment bills were reasonable and necessary.

**2.** By order of this court dated September 7, 1995, claimant's appeal and employer's appeal were consolidated.

*This court's scope of review is limited to determining whether there has been a violation of constitutional rights, whether errors of law have been committed, whether there has been a violation of appeal board procedures, and whether necessary findings of fact are supported by substantial evidence. Lehigh County Vo–Tech School v. Workmen's Compensation Appeal Board (Wolfe),* 539 Pa. 322, 652 A.2d 797 (1995).

his own. *Id.* Second, he must prove by a preponderance of the evidence that he is suffering from the same disability for which he initially received workers' compensation benefits. *Id.*

 It is well established that the WCJ, as fact finder, has exclusive province over questions of credibility and evidentiary weight, and the WCJ's findings will not be disturbed when they are supported by substantial evidence. *Northeastern Hospital v. Workmen's Compensation Appeal Board (Turiano)*, 134 Pa.Cmwlth. 164, 578 A.2d 83 (1990). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Mrs. Smith's Frozen Foods Co. v. Workmen's Compensation Appeal Board (Clouser)*, 114 Pa.Cmwlth. 382, 539 A.2d 11 (1988). The WCJ is free to accept or reject the testimony of any witness, including a medical witness, in whole or in part. *General Electric Co. v. Workmen's Compensation Appeal Board (Valsamaki)*, 140 Pa.Cmwlth. 461, 593 A.2d 921 (1991), *petition for allowance of appeal denied*, 529 Pa. 626, 600 A.2d 541 (1991).

In the present case, the WCJ chose to accept as persuasive the testimony of Dr. Lindenberg that claimant had sustained a recurrence of his psychological disability. Such a determination was clearly within the province of the WCJ. Dr. Lindenberg opined that when claimant returned to a modified position with employer, he was at significant risk for psychological regression and decompensation if he was exposed to the inmate population, no matter how brief or incidental. Reproduced Record (R.) at 47a.

Dr. Lindenberg testified that when claimant stopped working in late October 1992, he was suffering from his original injury which had been exacerbated by a new stressor, namely his involuntary job reclassification. R. at 59a. This stressor caused claimant to once again experience full-blown post traumatic stress disorder. *Id.* Dr. Lindenberg opined that, as of November 2, 1992, claimant

could not return to work inside or outside of the prison. *Id.* He further opined that claimant was permanently disabled, that claimant would never be able to return to work for employer and that claimant's long-term prognosis for being able to return to any work at all was guarded. R. at 72a.

 Based upon our review of all of the evidence in this case, we conclude that claimant has established that his original disability has continued. Claimant has further established that his earning power has been adversely affected, through no fault of his own, by the recurrence of his post traumatic stress disorder. In cases where a psychological stimulus causes a psychic injury, there is no additional burden on a claimant who seeks a reinstatement of benefits to establish that abnormal working conditions triggered a recurrence of the psychic injury. Accordingly, the WCJ was correct in granting claimant's petition for a reinstatement of benefits, and the board erred in reversing this determination.

 Claimant next argues that the board erred in granting to employer a supersedeas with respect to medical expenses.[3] We agree.

 Pursuant to section 306(f)(2)(ii) of the Act, 77 P.S. § 531(2)(ii), an employer could challenge the necessity, frequency or reasonableness of a claimant's medical treatment by filing a petition for review with the Bureau of Workers' Compensation. *See Johnson v. Workmen's Compensation Appeal Board (Albert Einstein Medical Center)*, 137 Pa.Cmwlth. 176, 586 A.2d 991 (1991), *petition for allowance of appeal denied*, 530 Pa. 648, 607 A.2d 257 (1991). However, the filing of such a petition for review did not have the effect of an automatic supersedeas. 77 P.S. § 531(2)(ii); *ADIA Personnel Agency v. Workmen's Compensation Appeal Board (Coleman)*, 137 Pa.Cmwlth. 405, 586 A.2d 507 (1991), *petition for allowance of appeal denied*, 528 Pa. 624, 597 A.2d 1154

---

3. We note that the medical bills at issue in this case were for professional services rendered by Dr. Lindenberg between November 11, 1989 and May 20, 1993. The 1993 amendments to the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §§ 1—1041.4, did not become effective until August 31, 1993. As such, those amendments are not applicable to the present case.

(1991). Moreover, no section of the Act authorizes a discretionary supersedeas as to the payment of medical expenses. *Id.* An employer is obligated to pay medical expenses until such time as a petition to review the reasonableness and necessity of such expenses has been granted. *Loose v. Workmen's Compensation Appeal Board (John H. Smith Arco Station),* 144 Pa.Cmwlth. 332, 601 A.2d 491 (1991).

In the present case, employer did not file with the Bureau of Workers' Compensation a petition for review of the reasonableness or necessity of claimant's medical expenses. Even if employer had filed such a petition for review, the board had *no authority to grant a discretionary supersedeas as to payment of claimant's medical expenses.* Accordingly, we conclude that the board herein erred in granting the supersedeas.

▆ Claimant next argues that the board erred in dismissing his appeal seeking payment of attorney's fees for unreasonable contest. We disagree.

▆ Pursuant to section 440 of the Act, 77 P.S. § 996, a prevailing claimant is entitled to attorney's fees unless the record supports a conclusion that the employer had a reasonable basis for contesting liability. A reasonable contest is established when medical evidence is conflicting or susceptible to contrary inferences and there is an absence of evidence that an employer's contest was frivolous or filed to harass a claimant. *North Philadelphia Aviation Center v. Workmen's Compensation Appeal Board (Regan),* 121 Pa.Cmwlth. 633, 551 A.2d 609 (1988). The purpose of section 440 of the Act is to discourage unreasonable contests of workers' claims and to ensure that successful claimants receive compensation benefits that are undiminished by the costs of litigation. *Hill v. Workmen's Compensation Appeal Board (Lentz Milling Company),* 146 Pa.Cmwlth. 524, 606 A.2d 614 (1992).

In the present case, the opinions rendered by Drs. Lindenberg and Glass were conflicting. Notwithstanding the fact that Dr. Glass testified that he did not agree with Dr. Lindenberg's diagnosis of claimant, he opined that it was rather unbelievable from a psychiatric perspective that claimant's notification of his job reclassification had reawakened his post traumatic stress disorder. R. at 248a. Moreover, in contrast to the testimony of Dr. Lindenberg, Dr. Glass was of the opinion that claimant should not be prohibited from having inmate contact and that limited inmate contact would facilitate claimant's ability to deal with his condition. R. at 263a.

The evidence in this case does not suggest that employer's contest was filed to harass claimant. We note that this court has not previously addressed the issue of a claimant's burden on a reinstatement petition where psychological stimulus causes a recurrence of a psychic injury. Accordingly, we conclude that the board did not err in determining that employer's contest in this case was reasonable.

Claimant next asserts that the board erred in considering the brief which employer filed in support of its appeal because the brief was not timely filed. We note that in its decision, the board did not address the issue of the timeliness of employer's brief. In light of our determinations with respect to the merits of these consolidated appeals, and in light of our belief that claimant has not suffered any prejudice by the board's consideration of employer's brief, we need not consider this issue further.

### EMPLOYER'S APPEAL

In its appeal, employer raises the following issues for our review: (1) whether claimant's medical bills were unreasonable and unnecessary because Dr. Lindenberg was not a licensed psychologist but a certified school psychologist; (2) whether the board properly entered a supersedeas with respect to claimant's medical expenses which had been at issue before the WCJ and the board; (3) whether the board properly found that claimant had failed to establish that he was entitled to a reinstatement of benefits; (4) whether employer had a reasonable basis for contesting claimant's reinstatement petition; and (5) whether claimant's argument that the board's brief was untimely filed is meritless.

▆ Employer first argues that the WCJ erred in concluding that employer was re-

sponsible for payment of services rendered by Dr. Lindenberg. Employer asserts that, because Dr. Lindenberg was not a licensed practitioner and was not supervised by licensed practitioners, his services are not compensable under section 306(f)(1) of the Act, 77 P.S. § 531(1).

We point out that the Act clearly provides an avenue for an employer to challenge continuing medical treatment. *Glinka v. Workmen's Compensation Appeal Board (Sears, Roebuck and Company),* 104 Pa.Cmwlth. 175, 521 A.2d 503 (1987), *petition for allowance of appeal denied,* 516 Pa. 644, 533 A.2d 714 (1987). Section 306(f)(2)(ii) of the Act provides as follows:

> (ii) The employer shall have the right to petition the department for review of the necessity or frequency of treatment or reasonableness of fees for services provided by a physician or other duly licensed practitioner of the healing arts. Such a petition shall in no event act as a supersedeas, and during the pendency of any such petition the employer shall pay all medical bills....

77 P.S. § 531(2)(ii).

This court has held that an employer petition challenging medical fees is necessary before a WCJ may address that issue. *White v. Workmen's Compensation Appeal Board (Gateway Coal Company and The Hartford),* 103 Pa.Cmwlth. 397, 520 A.2d 555 (1987). We note that, because section 306(f)(2)(ii) of the Act requires an employer to pay all medical bills incurred during the pendency of its petition for review, the WCJ can only determine that future medical bills need not be compensated. *Boehm v. Workmen's Compensation Appeal Board (United Parcel Services),* 133 Pa.Cmwlth. 455, 576 A.2d 1163 (1990).

In the present case, employer never filed with the Bureau of Workers' Compensation a petition to review the reasonableness or necessity of claimant's medical expenses. As such, employer did not comply with the clear provisions set forth in the Act for challenging medical treatment. Accordingly, we conclude that employer continues to be responsible for the payment of services rendered by Dr. Lindenberg.

In light of our discussion with respect to the issues raised in claimant's appeal, the remaining issues presented by employer have already been addressed. As such, we need not discuss them further.

### ORDER

NOW, this 18th day of October, 1996, it is hereby ordered:

1. The order of the Workmen's Compensation Appeal Board, dated August 29, 1994, at No. A94–2327, is vacated.

2. The order of the Workmen's Compensation Appeal Board, dated August 2, 1995, at No. A94–2327, is reversed in part and affirmed in part in accordance with the foregoing opinion.