**John STEEPLE, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (PA LIQUOR CONTROL BOARD), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Sept. 13, 2000.

Decided April 8, 2002.

Peter J. Classetti, Newtown, for petitioner.

Eugene E. Kellis, Bensalem, for respondent.

Before DOYLE, Senior Judge,[1] COLINS, Judge, McGINLEY, Judge, PELLEGRINI, Judge, FRIEDMAN, Judge, KELLEY, Senior Judge, and FLAHERTY, Senior Judge.

1. This case was assigned to the opinion writer prior to the date when Judge Flaherty as-

OPINION BY DOYLE, Senior Judge.

John Steeple (Claimant) petitions this Court for review of an order of the Workers' Compensation Appeal Board (Board), which reversed the order of a Workers' Compensation Judge (WCJ) ordering the Pennsylvania Liquor Control Board (Employer) to pay Claimant's counsel fees for its unreasonable contest.

On May 13, 1991, Claimant sustained a work-related injury while working for Employer and received benefits pursuant to a notice of compensation payable. Employer filed a petition to modify on March 22, 1993, asserting that Claimant had failed to return to work although released for light duty with certain restrictions. Claimant filed a timely answer, which denied the allegation of Employer's petition and requested attorney's fees for an unreasonable contest. The WCJ denied Employer's request for supersedeas and approved a counsel fee of twenty percent to be deducted from Claimant's share of the ongoing benefits.

At a July 13, 1995, hearing, Employer offered the deposition testimony of M. Barry Lipson, M.D., its medical expert, and Joann Cassidy, a vocational witness. Dr. Lipson reviewed seven job descriptions that had been referred to Claimant by Employer. Two of the seven jobs did not fall within the prescribed physical restrictions that Dr. Lipson imposed on Claimant. At the time of Ms. Cassidy's testimony, Employer only proceeded with respect to three of the seven jobs that were referred to Claimant. After presenting all of its evidence, Employer withdrew its petition on February 22, 1996. The WCJ, however, held the case open for a determination of whether Employer's contest was reasonable.

The WCJ determined that Employer's contest was unreasonable and awarded attorney's fees finding that Employer knew, or should have known, that prosecuting this action was unreasonable before filing its Petition in March of 1993. The Board subsequently reversed the WCJ's decision and held that when Employer filed its petition "it could have met its initial burden with the testimony of Dr. Lipson that Claimant's physical condition had changed, and its second burden with [Ms. Cassidy's testimony] that work within Claimant's restrictions was offered to him." (Board Opinion at 5). The Board held that the WCJ erred in determining that Employer knew or should have known that its case was not reasonable. Accordingly, the Board held that Claimant was not entitled to attorney's fees. Claimant now appeals to this Court.

■■■ The sole issue that is before us is whether Employer established the reasonableness of its contest so as to avoid liability for attorney's fees. Whether an employer's contest is reasonable is a question of law fully reviewable by this Court, *Boyer v. Workers' Compensation Appeal Board (First Capital Insulation, Inc.)*, 740 A.2d 294 (Pa.Cmwlth.1999), and, of course, our standard of review is limited to determining whether constitutional rights were violated, whether an error of law was committed or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Morey v. Workmen's Compensation Appeal Board (Beth-energy Mines, Inc.)*, 684 A.2d 673 (Pa. Cmwlth.1996).

As recognized by the Board, the well-settled law that governs this case was set forth in *Kachinski v. Workmen's Compen-*

sumed the status of senior judge on December 24, 2000 and when President Judge Doyle and

Judge Kelley assumed the status of senior judge on January 1, 2002.

*sation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987), by our Supreme Court. In *Kachinski,* the Court explained the appropriate procedure that should be followed when an employer seeks to modify a claimant's benefits:

1. The employer who seeks to modify a claimant's benefits on the basis that he has recovered some or all of his ability must first produce medical evidence of a change in condition.

2. The employer must then produce evidence of a referral (or referrals) to a then open job (or jobs), which fits in the occupational category for which the claimant has been given medical clearance, *e.g.,* light work, sedentary work, etc.

3. The claimant must then demonstrate that he has in good faith followed through on the job referral(s).

4. If the referral fails to result in a job then claimant's benefits should continue.

*Id.* at 252, 532 A.2d at 380.

 Ordinarily, pursuant to Section 440 of the Workers' Compensation Act (Act),[2] 77 P.S. § 996, a prevailing claimant is entitled to attorney's fees unless the record supports a conclusion that the employer had a reasonable basis for contesting liability; and, the employer bears the burden of presenting sufficient evidence to establish that its contest was reasonable. *Pruitt v. Workers' Compensation Appeal Board (Lighthouse Rehabilitation),* 730 A.2d 1025 (Pa.Cmwlth.1999). Generally, a reasonable contest is one that is prompted by a genuinely disputed issue and not merely done to harass a claimant. *Harney v. Workmen's Compensation Appeal Board (Philadelphia Coca Cola Bottling Co.),* 660 A.2d 665 (Pa.Cmwlth.1995). The

purpose of Section 440 of the Act is to discourage unreasonable contests of workers' claims and to ensure that successful claimants receive compensation benefits that are undiminished by the costs of litigation. *Wertz v. Workmen's Compensation Appeal Board (Department of Corrections),* 683 A.2d 1287 (Pa.Cmwlth.1996), *petition for allowance of appeal denied,* 547 Pa. 747, 690 A.2d 1165 (1997).

Claimant, in his brief to this Court, acknowledges that Employer presented sufficient evidence to meet the first two requirements of *Kachinski;*[3] therefore, pursuant to *Kachinski,* Claimant would have then had the burden to prove that he had in good faith followed through on the job referrals. However, Claimant contends that, because Employer withdrew its case after it met the first two elements of *Kachinski,* Claimant was, therefore, deprived of proving he had applied for the offered jobs in good faith. Accordingly, Claimant argues, Employer must necessarily have known that its case had no merit at the time it was filed. We must disagree with Claimant's analysis.

Contrary to Claimant's argument, this Court has explained that merely considering whether the petition has been withdrawn or dismissed is not enough to determine if the petition was reasonable; rather, the totality of the circumstances must be considered. *Eidell v. Workmen's Compensation Appeal Board (Dana Corp.),* 155 Pa.Cmwlth. 254, 624 A.2d 824 (1993). *See also Majesky v. Workmen's Compensation Appeal Board (Transit America, Inc.),* 141 Pa.Cmwlth. 398, 595 A.2d 761 (1991), *petition for allowance of appeal denied,* 529 Pa. 653, 602 A.2d 862 (1991) (stating that the reviewing Court must look at the totality of the circum-

**2.** Act of June 2, 1915, P.L. 736, *as amended.*

**3.** Petitioner's Brief at 12.

stances, since the reasonableness of the contest may not necessarily depend on a conflict in the evidence *per se* ).

 We are convinced that our discussion in *Eidell* is relevant and helpful in our disposition of the case at bar:

> When an employer files a petition seeking to . . . modify benefits it must have a factual basis for filing the petition. If medical evidence is required the employer must have that evidence at the time the petition is filed. If there is no such factual basis the employer is acting unreasonably in filing the petition. *Kuney* [*v. Workmen's Compensation Appeal Board (Continental Data Systems)*, 127 Pa.Cmwlth. 628, 562 A.2d 931 (1989), *petition for allowance of appeal denied*, 527 Pa. 605, 589 A.2d 694 (1990) ]; *Majesky*. Because a contest is originally reasonable does not mean that [the] legal conclusion cannot change. *Arbogast* [*v. Workmen's Compensation Appeal Board (Moyer)*, 143 Pa.Cmwlth. 447, 599 A.2d 275 (1991) ]. Because we decide questions concerning the reasonability of a contest on the totality of the circumstances, **facts which occur during the litigation process must be considered in a decision on whether to award attorney's fees.** At the risk of being assessed with an employee's counsel fees, the employer must at some time present evidence before the record is closed, unless it can offer a valid reason for not presenting evidence.

*Eidell*, 624 A.2d at 828 (emphasis added) (citations omitted).

By analyzing the totality of the circumstances, we accept Employer's argument and the judgment of the Board that its contest was initially reasonable. This Court has explained that we analyze whether the contest was reasonable at the time the petition was filed. *See id.* at 827. Pursuant to the first requirement in *Kachinski*, Employer met its burden by producing the testimony of Dr. Lipson, who stated that Claimant was able to return to work with some restrictions. Employer then, pursuant to the second requirement, produced the testimony of Ms. Cassidy, the vocational witness, who explained that open jobs approved by Dr. Lipson were referred to Claimant. Nonetheless, at the time of the filing of the modification petition, Claimant still had not returned to work. Thus, we conclude that it was reasonable for Employer to file such a petition because of the testimony it had in its possession at the time of filing.

The following year after Employer's petition was filed, this Court decided *McCray v. Workmen's Compensation Appeal Board (Preschool Development Programs, Inc.)*, 167 Pa.Cmwlth. 402, 648 A.2d 348 (1994), *petition for allowance of appeal denied*, 540 Pa. 608, 655 A.2d 995 (1995). In *McCray*, this Court held, *inter alia*, that the testimony of a vocational witness concerning statements made by a prospective employer regarding whether a claimant had applied for a job and what the claimant's conduct was during the interview was inadmissible hearsay. Based on this newly decided case, Employer withdrew its petition on February 22, 1996, when it was apparent that it would not be able to obtain the testimony of the prospective employers.

Since Claimant would likely have testified based on his own version of the facts that he had in good faith applied to the jobs that were referred to him,[4] but did not receive any job offers, Employer would then have had to produce evidence that Claimant did not use good faith in applying

---

4. Claimant states in his brief that "Employer had to know that Claimant actually applied for all the jobs." (Petitioner's Brief at 10, 12).

to the referred jobs. Realizing that, after *McCray*, the testimony of Ms. Cassidy alone in this regard would be considered inadmissible hearsay, and that it could not get the prospective employers to testify, Employer withdrew its petition.

Due to the change in circumstances created by our holding in *McCray*, the evidence Employer originally sought to adduce from Ms. Cassidy became inadmissible. In *Arbogast*, we explained that circumstances which are completely out of the Employer's control can change the reasonableness of the contest. We stated that a doctor's change of position regarding a claimant's ability to work, which is beyond the employer's control, and the resulting withdrawal of its petition could not be termed unreasonable. And, in the case at bar, Employer could not foresee that a decision of this Court would be handed down making the crucial testimony Employer sought to present inadmissible. Further, there is no evidence to suggest that Employer filed the modification petition to harass Claimant. Therefore, we hold that the contest was reasonable at the time the petition was filed and that Employer does not have to pay Claimant's attorney's fees. We affirm the decision of the Board.

### ORDER

**NOW,** *April 8, 2002,* the order of the Workers' Compensation Appeal Board in the above-captioned matter is hereby affirmed.

Dissenting Opinion by Judge FRIEDMAN.

I respectfully dissent. The majority's holding is that John Steeple (Claimant) is not entitled to an award of counsel fees in this case because the Pennsylvania Liquor Control Board (Employer) had sufficient evidence on March 22, 1993 to justify the filing of its modification petition. In other words, the majority concludes that, *initially,* Employer's contest was reasonable. (Majority op. at 6, 8.) However, the majority does not address whether Employer's contest became unreasonable at any time before Employer ultimately withdrew its petition on February 22, 1996. *See Eidell v. Workmen's Compensation Appeal Board (Dana Corporation),* 155 Pa. Cmwlth. 254, 624 A.2d 824, 829 (1993) (stating that "circumstances can change so that a reasonable contest becomes unreasonable").[1]

I agree with the majority that Employer's contest was reasonable at the time Employer filed the modification petition. At that time, Employer was in possession of evidence that would have satisfied Employer's burden of proof, i.e., the medical report of M. Barry Lipson, M.D., an orthopedic surgeon, and a packet of materials from Joann Cassidy, a vocational counselor. The packet of materials contained information about job referrals that were made to Claimant and included statements of prospective employers to Cassidy indicating that Claimant had not applied for several of the jobs.

However, on September 14, 1994, this Court held in *McCray v. Workmen's Compensation Appeal Board (Preschool Development Programs, Inc.),* 167 Pa.Cmwlth. 402, 648 A.2d 348 (1994), *appeal denied,* 540 Pa. 608, 655 A.2d 995 (1995), that the testimony of a vocational counselor about conversations with prospective employers

---

1. The majority states that, because Employer withdrew its petition after there was a change in circumstances, Employer's contest was reasonable. (Majority op. at 8.) However, the majority does not consider how long it took Employer to withdraw the petition after the change of circumstances.

concerning whether a claimant applied for a job was inadmissible hearsay. Based on the holding in *McCray*, Cassidy's packet of materials was no longer sufficient to establish that Claimant failed to apply for a particular job. Employer needed the testimony of the prospective employers to meets its burden of proof on the modification petition.

Employer asserts that, after it realized that it would not be able to obtain the testimony of the prospective employers, Employer withdrew the petition in a timely manner. However, Employer did not withdraw the petition until February 22, 1996. Thus, the withdrawal was almost a year and a half after the September 14, 1994 *McCray* decision. It was more than a year after Cassidy's February 7, 1995 deposition, at which Employer promised to present testimony from a prospective employer.[2] It was also more than a year after the Pennsylvania Supreme Court's February 13, 1995 denial of the petition for allowance of appeal in *McCray*.[3] In other words, Employer submits that it is reasonable to take more than a year to determine that a particular witness will not testify in a workers' compensation proceeding.

The record suggests to me that Employer's contest may have become unreasonable some time before Employer withdrew its petition on February 22, 1996. However, there are no findings in this case as to: (1) what actions Employer took to secure the testimony of the prospective employers; and (2) when Employer realized that it could not obtain the testimony of the prospective employers. Therefore, unlike the majority, I would remand this case for findings necessary to determine whether

Employer's contest was unreasonable before Employer withdrew its petition on February 22, 1996.

---

**2.** At Cassidy's February 7, 1995 deposition, in response to a hearsay objection, Employer stated that it would have a prospective employer testify at a later date as to whether Claimant applied for a job with that employer. (Cassidy's 2/7/95 deposition, N.T. at 18.)

**3.** *See McCray*, 540 Pa. 608, 655 A.2d 995 (1995).