**JOHNSTOWN HOUSING AUTHOR-ITY, and H.A.R.I.E., Petitioners**

v.

**WORKERS' COMPENSATION APPEAL BOARD (LEWIS), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 24, 2004.

Decided Jan. 12, 2005.

---

Paul S. Mazeski, Pittsburgh, for petitioner.

Richard J. Russell, Johnstown, for respondent.

BEFORE: McGINLEY, Judge, and COHN JUBELIRER, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge McGINLEY.

Johnstown Housing Authority (Employer) petitions for review from the order of the Workers' Compensation Appeal Board (Board) which affirmed the decision of the Workers' Compensation Judge (WCJ) to grant Edward Lewis' (Claimant) claim petition and assess a fifty percent penalty against Employer and assess counsel fees against Employer for unreasonable contest.

Claimant was employed as a maintenance worker in Employer's maintenance department since 1985. On July 31, 2002, as Claimant was getting supplies, he tripped over a raised rubber tile in Employer's garage and twisted his ankle. Claimant reported the injury to his supervisor who told him to go to Lee Regional Hospital Emergency Room. Claimant was seen by a panel physician, William Albert, M.D. (Dr. Albert), who diagnosed Claimant with a sprained left ankle. Dr. Albert released Claimant to modified work, with a sedentary, "seated-only" work restriction. Claimant remained off of work for three days. When he returned, Employer assigned Claimant "seated-work" doing parts inventory, counting screws, nuts and bolts.

Dr. Albert referred Claimant to an orthopedic surgeon, Brian Gunnlaugson, M.D. (Dr. Gunnlaugson), who saw Claimant on August 14, 2002. Dr. Gunnlaugson examined Claimant and ordered an MRI of his left ankle which revealed a tear of the anterior talofibular ligament. Dr. Gunnlaugson recommended that Claimant get a second opinion regarding surgery in Pittsburgh. Employer did not authorize the second opinion. On September 19, 2002, Employer filed a Petition for Physical Examination and after a hearing on January 7, 2003, the petition was granted by the WCJ.

Claimant eventually obtained a referral from his family physician to see Carl T. Hasselman, M.D. (Dr. Hasselman), an orthopedic surgeon who specialized in ankle and foot surgery at UPMC St. Margaret's Hospital in Pittsburgh. Based on the re-

sults of a bone scan, his physical examination of Claimant and his review of the MRI films, Dr. Hasselman recommended a diagnostic arthroscopy and ligament reconstruction surgery.

On January 13, 2003, Claimant was examined by Employer's independent medical examiner, Stephen Bailey, M.D. (Dr. Bailey). Dr. Bailey opined that Claimant had fully recovered from his ankle sprain and executed an affidavit of recovery. Based on Dr. Bailey's report and affidavit, Employer issued a termination petition on January 15, 2003, which was assigned to the WCJ for hearing on February 18, 2003.

In the intervening time between Dr. Bailey's independent examination and the hearing on Employer's termination petition, Claimant underwent the diagnostic and reconstruction surgery performed by Dr. Hasselman on January 31, 2003. Dr. Hasselman discovered Claimant had a large piece of cartilage floating in the posterior gutter of his ankle. Deposition of Carl T. Hasselman, M.D., April 17, 2003, at 13; Reproduced Record (R.R.) at 123a. Claimant remained off work from January 31, 2003, to May 17, 2003, when he was released to return to sedentary work.[1]

At the hearing on February 18, 2003, Counsel for Employer indicated for the first time that Employer filed a notice of workers' compensation denial (notice of denial) on August 20, 2002. The notice of denial indicated that an injury took place, but it was not disabling and, consequently, it was a "medicals only claim." Notes of Testimony, February 18, 2003, (N.T. 2/18/03), at 3; R.R. at 24a. Claimant testified that he never saw or received the notice of denial from Employer. N.T.,

2/18/03 at 12; R.R. at 33a. Employer's termination petition was then withdrawn as premature. N.T., 2/18/03 at 19; R.R. at 40a.

Claimant filed a claim petition on February 24, 2003, which included a request for penalties and attorney fees for an unreasonable contest. Employer filed an answer and acknowledged that Claimant gave notice of an injury but specifically denied the existence of a work-related injury and all other elements of the claim petition.

A final hearing was held before the WCJ on June 25, 2003, after which the WCJ granted the claim petition and awarded counsel fees on a *quantum meruit* basis. The WCJ further found that "Employer's refusal to issue an acceptance document for the [Claimant's] injury was a violation of the terms and conditions of the Workers' Compensation Act" (Act)[2] and assessed a penalty of "50 percent of the [Claimant's] disability benefits" against Employer for that violation. WCJ Decision, September 17, 2003, at 5.

Employer filed an appeal to the Board challenging only the propriety of the WCJ's counsel fee and penalty assessment. The Board rendered a decision on August 17, 2004, affirming the decision of the WCJ:

> The record reflects at the time the [Employer] withdrew its Termination Petition and filed it's [sic] Answer to the Claim petition it had no basis to dispute the Claimant had suffered an injury in the course of his employment, had reported the injury and treated with a panel physician beyond the required period of time. The [Employer] could not

---

1. Employer refused to assign him such work, and Claimant was compelled to seek unemployment compensation which was granted effective May 21, 2003.

2. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4; 2501–2626.

dispute that the Claimant was at least partially disabled because it had created a sedentary job for the Claimant which the Claimant performed until the [Employer] eliminated the job. The [Employer's] withdrawal of the Termination Petition forced the Claimant to file a Claim Petition six months after the injury. The WCJ determined the Claimant's injury was not a "medical only" claim as the [Employer] stated on its Notice of Denial, [and that it] was never received by the Claimant. The WCJ noted that at the time the Denial was issued the [Employer] was providing modified work for the Claimant. The work was provided within restrictions imposed by the [Employer's] own panel physician. The WCJ determined the [Employer's] refusal to issue an Acceptance Notice was an attempt to improperly shift the burden of proving a work related disability to the Claimant. The WCJ determined Dr. Bailey's opinions on disability were not an acceptable basis for [Employer's] unilateral stopping of the Claimant's modified work benefits or its contest of his Claim Petition. We agree. ... Here, it was only after the case was assigned to the WCJ on the Affidavit of Recovery that the [Employer] disclosed it had issued a denial of the compensability of the claim on August 15, 2002 and elected to withdraw it's [sic] Termination Petition. The [Employer] attempted to evade entering into an agreement recognizing an injury as required by Section 406.1 of the Act, on the basis the Claimant did not suffer a loss of earnings where the record reflects the [Employer] provided modified work for the Claimant and the Claimant was entitled to a suspension of benefits while on modified work. The Claimant should not have been compelled at a later date to file a Claim Petition and prove the existence of an injury and it's [sic] relationship to his employment. In regard to the award of penalties the [Employer] has argued that as it issue[d] a denial within 21 days as proscribed [sic] by the Act it is protected from an award of penalties. The Claimant testified that he never received Notice of Denial and therefore the [Employer] did not properly comply with Section 406.1 of the Act and allowed the Claimant to believe his injury had been accepted.

Board Decision, August 17, 2004, at 4–6.

On appeal[3], Employer again raises this issue: "Whether the WCJ erred in awarding penalties for Employer's refusal to issue an 'Acceptance Document' and attorney fees for an unreasonable contest when Employer issued a timely notice of denial of the claim and had medical evidence to support its denial?"

Despite its phrasing, Employer's challenge on appeal is actually two-fold: (1) whether the Board erred in assessing penalties and (2) whether the Board erred in awarding unreasonable contest fees.

First, Employer contends that it did not violate the Act because it issued a notice of denial and agreed to pay Claimant's medical expenses within twenty-one days of the date of receiving notice of Claimant's injury. Employer contends that the issuance of the notice of denial was in compliance with Section 406.1 of the Act, 77 P.S. § 717.1. Employer asserts that the WCJ "misinterpreted Pennsylvania law" and erred by imposing on Employer a duty to

**3.** Our review is limited to a determination of whether constitutional rights have been violated, whether an error of law has been committed and whether all necessary findings of fact are supported by substantial evidence. *Jamieson v. Workers' Compensation Appeal Board (Chicago Bridge),* 691 A.2d 978 (Pa. Cmwlth.1997).

issue *"some type of additional acceptance document."* *Darrall v. Workers' Compensation Appeal Board (H.J. Heinz Company)*, 792 A.2d 706 (Pa.Cmwlth.2002). Employer's Brief, November 3, 2004, at 8, 11 (emphasis added).

In *Darrall*, H.J. Heinz Company (Heinz) filed a notice of workers' compensation denial declining to pay Shannon Darrall's (Darrall) workers' compensation benefits for a work-related injury that occurred on January 18, 1999, because it contended that Claimant's disability lasted less than seven days. The notice of denial indicated that Heinz agreed to pay Darrall's reasonable, related and necessary medical expenses. Darrall filed a claim petition and a penalty petition and the case proceeded before the WCJ. After hearings, the WCJ granted the claim petition for a closed period and suspended benefits based on Darrall's ability to perform a light-duty job.

Citing *Lemansky v. Workers' Compensation Appeal Board (Hagan Ice Cream Company)*, 738 A.2d 498 (Pa.Cmwlth. 1999), Darrall asserted, *inter alia*, that the WCJ erred by failing to grant her penalty petition since Heinz failed to issue a notice of compensation payable in violation of Section 406.1 of the Act.[4] This Court rejected Darrall's claim for attorney fees noting that Heinz did nothing improper.

The parties disagreed as to the length of Darrall's disability. Heinz filed a notice of denial and Darrall filed a claim petition. *Lemansky* was not applicable to the facts in *Darrall* since in *Lemansky*, the employer did not issue *any* kind of notice, whereas Heinz did "take action" under Section 406.1 by timely issuing a notice of denial. *Darrall*, 792 A.2d at 714–715.

Employer contends that it, like the employer in *Darrall*, issued a notice of denial within twenty-one days of notice of Claimant's injury. Therefore, it was not necessary for it to issue some type of additional acceptance document. Employer's reading of *Darrall* is correct. In *Darrall*, this Court held that an employer in a "medical only" case may accept responsibility for medical treatment, but contest liability for disability payments **by timely issuing a notice of denial.**

█ In the present controversy, however, unlike in *Darrall*, it is **undisputed that Employer failed to provide *notice* to the Claimant as required under Section 406.1 of the Act**[5] **and 34 Pa.Code § 121.13.**[6] This fact is critical. Without notice to the Claimant, the denial did not serve its purpose, which was to put Claimant on notice that his claim was being denied and the reasons for the denial. As a result Employer's notice of denial was invalid. Absent some form of acceptance,

---

**4.** In *Lemansky*, this Court held that an employer did not present a reasonable contest because it did not investigate the claimant's claim and failed to issue a notice of compensation payable pursuant to Section 406.1 of the Act, 77 P.S. § 717.1.

**5.** Section 406.1 of the Act, 77 P.S. § 717.1, provides that an employer shall promptly investigate each injury reported or known to the employer and shall promptly commence payment of compensation due no later than the twenty-first day after the employer has notice or knowledge of employee's disability. As this Court noted in *Lemansky*, if an employer

believes that the claim is not compensable, it must issue a notice of denial within twenty-one days. *Lemansky*, 738 A.2d at 502.

**6.** 34 Pa.Code § 121.13 provides:

If compensation is controverted, Notice of Workmen's Compensation Denial, Form LIBC–496, shall be sent to employe or dependent fully stating the grounds upon which the right to compensation is controverted, with a copy to the Department of Labor and Industry, no later than 21 days after notice or knowledge to the employer of employe's disability or death.

such as a notice of compensation payable, notice of temporary compensation payable or agreement for compensation, Employer, in effect, failed to either accept or deny responsibility for the claim in a timely fashion as it was statutorily required to do. *See Orenich v. Workers' Compensation Appeal Board (Geisinger Wyoming Valley Medical Center),* 863 A.2d 165 (Pa.Cmwlth. 2004) (employer's issuance of a notice of denial five months after it became aware of claimant's injury was a violation of Section 406.1 of the Act). Neither the WCJ nor Board erred in assessing penalties against Employer based on the compensation awarded to Claimant.

Regarding the award of unreasonable contest attorney fees, Employer contends that at the time it filed its answer to Claimant's claim petition on March 12, 2003, it had medical evidence to substantiate its contest. This Court does not agree.

 Whether there has been a reasonable basis for contesting a claimant's award of benefits depends upon both the facts and the legal issues involved. *Poli v. Workmen's Compensation Appeal Board (Arlyn Printing & Advertising Co.),* 34 Pa.Cmwlth. 630, 384 A.2d 596, (1978). "A reasonable contest is established when medical evidence is conflicting or susceptible to contrary inferences and there is an absence of evidence that an employer's contest was frivolous or filed to harass a claimant." *Wertz v. Workmen's Compensation Appeal Board (Department of Corrections),* 683 A.2d 1287, 1293 (Pa.Cmwlth. 1996), *petition for allowance of appeal denied,* 547 Pa. 747, 690 A.2d 1165 (1997).

In its answer to the claim petition, Employer denied nearly every factual averment contained in the claim petition, including that "Claimant suffered an injury" and that "such injury was work-related." Defendant's Answer to Claimant Petition, March 12, 2003, at 2.

 The record thoroughly supports the WCJ's findings that at the time Employer filed its answer to the claim petition on March 12, 2003, Employer had no basis to dispute the Claimant suffered an injury in the course of his employment. The most significant evidence of this was demonstrated by Employer's payment of Claimant's medical expenses and its overt recognition of Claimant's inability to return to his usual duties after he injured his ankle when it created a sedentary, "seated-only," parts inventory job. At the time Employer answered Claimant's claim petition, Claimant had undergone ankle reconstruction surgery on the very ankle that was injured on July 31, 2002, and remained off of work as of January 27, 2003. Because of Employer's contest, Claimant was forced to incur attorneys' fees to litigate his claim petition.

This Court agrees with Claimant, based on this record, that the WCJ appropriately assessed counsel fees for Employer's failure to establish a reasonable basis to deny Claimant's injury and its relationship to his employment when it answered the claim petition.

Accordingly, we affirm.

## ORDER

AND NOW, this 12th day of January, 2005, the order of the Workers' Compensation Appeal Board in the above captioned matter is affirmed.