## SCHOOL DISTRICT OF PHILADELPHIA,
### Petitioner,
### v.
## WORKERS' COMPENSATION APPEAL BOARD (WASHINGTON),
### Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 14, 1998.

Decided Jan. 27, 1999.

FRIEDMAN, Judge.

The School District of Philadelphia (Employer) appeals from the January 21, 1998 order of the Workers' Compensation Appeal Board (WCAB) affirming, as modified, the January 22, 1996 decision of the Workers' Compensation Judge (WCJ) to grant Griffin Washington's (Claimant) penalty petition and to assess counsel fees against Employer under section 440 of the Workers' Compensation Act (Act).[1]

On October 18, 1991, Claimant sustained an injury while in the course and scope of his

1. Section 440 of the Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §996, provides that in any contested case, the employee in whose favor the matter at issue has been finally determined in whole or in part shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for the attorney's fee. However, the attorney's fee may be excluded when the employer establishes a reasonable basis for the contest. 77 P.S. §996(a).

employment with Employer and received workers' compensation benefits pursuant to a notice of compensation payable. On June 23, 1994, Employer filed petitions to modify, suspend and terminate Claimant's benefits and requested a supersedeas. Claimant filed an answer denying the material allegations in Employer's petitions, and the petitions were assigned to WCJ Martin Burman. (WCJ's Findings of Fact, Nos. 1–2; WCAB's op. at 2.)

On October 28, 1994, WCJ Burman entered an order denying Employer's request for a supersedeas and directing Employer to pay twenty percent of Claimant's workers' compensation benefits to Claimant's counsel as counsel fees. (WCJ's Findings of Fact, No. 3.) On January 9, 1995, Claimant filed a penalty petition alleging that Employer failed to pay the counsel fees as directed by the October 28, 1994 order. (WCJ's Findings of Fact, No. 4.) On January 11, 1995, Employer filed a timely answer denying the allegations in Claimant's penalty petition. (WCJ's Findings of Fact, No. 5.)

By letter dated January 30, 1995, Employer withdrew its petition for modification.[2] By letter dated February 9, 1995, Claimant requested a hearing on the reimbursement of costs and counsel fees pursuant to Employer's withdrawal of its modification petition and on Claimant's penalty petition. (WCJ's Findings of Fact, No. 6; O.R., Claimant's 2/9/95 letter.)

At a hearing on June 27, 1995, Employer withdrew its suspension and termination petitions.[3] (WCJ's Findings of Fact, No. 7.) Employer offered no evidence to support its filing of the petitions to modify, suspend and terminate Claimant's benefits. (WCJ's Findings of Fact, No. 9.) With respect to Claimant's penalty petition, Claimant offered into evidence a copy of a check dated January 20, 1995, representing the first time Employer paid counsel fees as directed by WCJ Burman's supersedeas order. Employer offered no explanation for its failure to pay counsel fees as directed from October 29, 1994 to January 19, 1995, and Employer offered no other evidence to support its contest of Claimant's penalty petition. (WCJ's Findings of Fact, Nos. 8–10.)

At some point in these proceedings, the matter was reassigned to WCJ Ollie E. Arrington.[4] In his January 22, 1996 decision, WCJ Arrington found that Employer failed to pay counsel fees as directed by the October 28, 1994 supersedeas order until January 20, 1995. Thus, WCJ Arrington ordered Employer to pay Claimant's counsel $859.64 in unpaid counsel fees and a twenty percent penalty of $171.93.[5] WCJ Arrington also found that Employer failed to prove a reasonable basis for its modification, suspension and termination petitions and that Employer failed to establish a reasonable basis for its contest of Claimant's penalty petition. (WCJ's Findings of Fact, Nos. 11–15.) Thus,

2. Employer withdrew the petition because of this court's decision in *McCray v. Workers' Compensation Appeal Board (Preschool Development Programs, Inc.)*, 167 Pa.Cmwlth. 402, 648 A.2d 348 (1994), *appeal denied*, 540 Pa. 608, 655 A.2d 995 (1995). Employer explained that its vocational rehabilitation expert had located 12 jobs for Claimant and that Claimant had failed to apply for two of the positions. However, under *McCray*, Employer was required to present the testimony of the actual employers to whom Claimant was referred, and these two potential employers were unwilling or unable to testify. (O.R., Employer's 1/30/95 letter.) On March 8, 1995, WCJ Burman circulated an order, dated March 1, 1995, marking the modification petition withdrawn. (O.R., WCJ Burman's 3/1/95 order.)

3. This court contacted the WCAB to obtain a copy of the June 27, 1995 hearing transcript. However, the WCAB informed this court that, according to the WCJ's office, no record ever

was made of this hearing. (WCAB's 10/1/98 letter at 2.) Nevertheless, the WCJ's finding is supported by two orders of WCJ Ollie Arrington dated April 18, 1996. These orders mark Employer's suspension and termination petitions withdrawn based on Employer's withdrawal of the petitions at the June 27, 1995 hearing. (O.R., WCJ's 4/18/96 suspension petition order; WCJ's 4/18/96 termination petition order.)

4. According to the WCAB's decision, the case was reassigned to WCJ Arrington after the June 27, 1995 hearing. (WCAB's op. at 3.)

5. WCJ Arrington found that Claimant's counsel was entitled to $72.50 per week for a period of 11 6/7 weeks. The WCJ calculated the amount due as follows: $72.50 × 11 6/7 weeks = $859.64 × 20% = $171.93, for a total of $1,031.57 ($859.64 + $171.93). (WCJ's Findings of Fact, Nos. 10–11, 16.)

WCJ Arrington ordered Employer to pay Claimant's counsel twenty percent of Claimant's weekly compensation benefits as a cost for failing to present a reasonable contest on Claimant's *penalty petition.*[6]

On February 14, 1996, Employer filed an appeal with the WCAB. (O.R., Employer's 2/14/96 appeal.) In its January 21, 1998 decision, the WCAB modified WCJ Arrington's order so that the award of counsel fees was based on an unreasonable contest with regard to the penalty petition *and with regard to the modification, suspension, and termination petitions.* The WCAB affirmed WCJ Arrington's decision in all other respects.[7]

On appeal to this court,[8] Employer argues that WCJ Arrington erred when he awarded a twenty-percent attorney fee for an unreasonable contest into the indefinite future in derogation of section 440(b) of the Act. Employer contends that, in awarding counsel fees under section 440(b) of the Act, WCJ Arrington had to make a finding as to the amount and difficulty of the work performed by Claimant's counsel. We agree.

Section 440(b) of the Act, as amended in 1993, provides in pertinent part as follows:

> If counsel fees are awarded and assessed against the . . . employer, then the workers' compensation judge *must make a finding as to the amount and the length of time for which such counsel fee is payable* based upon the complexity of the factual

and legal issues involved, the skill required, the duration of the proceedings and the time and effort required and actually expended.

77 P.S. §996(b) (emphasis added).

Here, WCJ Arrington assessed counsel fees against Employer "in the amount of twenty percent (20%) of Claimant's weekly compensation." (WCJ's Findings of Fact, No. 18.) In doing so, WCJ Arrington failed to make a finding as to the length of time for which this amount is payable and, thus, apparently would have Employer pay counsel fees to Claimant's counsel for an indefinite period of time.[9]

Accordingly, we vacate the WCAB's order and remand this case to the WCAB to remand to the WCJ for the taking of additional evidence, if necessary, and for the making of additional findings and conclusions consistent with section 440(b) of the Act.

## ORDER

AND NOW, this 27th day of January, 1999, the order of the Workers' Compensation Appeal Board (WCAB), dated January 21, 1998, is vacated, and this case is remanded to the WCAB to remand to the Workers' Compensation Judge for the taking of additional evidence, if necessary, and for the making of additional findings of fact and

---

6. Employer argues on appeal that WCJ Arrington erred in awarding counsel fees under section 440 of the Act for the efforts of Claimant's counsel *on appeal from the WCJ's decision.* (Employer's Brief at 22.) However, WCJ Arrington did *not* award counsel fees for work performed *on appeal from the WCJ's decision.*

7. On January 20, 1998, Employer filed a petition to terminate Claimant's benefits, requesting a supersedeas, and on March 20, 1998, the WCJ issued an interlocutory order denying supersedeas and awarding counsel fees. (O.R., Employer's 1/20/98 termination petition; WCJ Arrington's 3/20/98 order, Employer's Brief, Exhibit C.) On appeal, Employer argues that the March 20, 1998 counsel fee order supersedes the prior order. However, the March 20, 1998 order was issued *after* Employer filed its appeal with this court on February 12, 1998. Thus, the issue is not properly before us for consideration.

8. Our scope of review is limited to determining whether constitutional rights have been violated, whether an error of law has been committed or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. §704; *Toborkey v. Workmen's Compensation Appeal Board (H.J.Heinz),* 655 A.2d 636 (Pa.Cmwlth.), *appeal denied,* 541 Pa. 655, 664 A.2d 544 (1995).

9. Such an award is not reasonably related to the complexity of the factual and legal issues involved here, the skill required by Claimant's counsel, the duration of these proceedings and the time and effort required and actually expended by Claimant's counsel on this case. Section 440(b) of the Act *requires* that the WCJ make a finding as to the amount of counsel fees and the length of time for which counsel fees are payable and that this finding be based on certain factors. WCJ Arrington failed to comply with these requirements.

conclusions of law consistent with the foregoing opinion.

Jurisdiction relinquished.